**INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS WELFARE FUND, Appellant–Plaintiff,**

v.

**MED FIRST MEDICAL CENTER, Appellee–Respondent.**

No. 84A05–0012–CV–533.

Court of Appeals of Indiana.

Feb. 28, 2001.

Michael J. Lewis, Wright, Shagley, & Lowery, Terre Haute, IN, Attorney for Appellant.

Angela L. Freel, Rudolph, Fine, Porter & Johnson, LLP, Evansville, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

The Indiana State District Council of Laborers and Hod Carriers Welfare Fund ("the Fund") appeals the trial court's grant of Med First Medical Center's ("the Center") motion to correct venue. We affirm.

### Issue

We restate the sole issue presented by the Fund as whether the trial court erred in transferring the Fund's small claims case against the Center from Vigo County to Vanderburgh County pursuant to Indiana Small Claims Rule 12.

### Facts

The Fund, based in Vigo County, is a union welfare fund with many participants. One participant's spouse, Patricia Carrier, received medical treatment at the Center in Vanderburgh County on six different dates in May 1999. On August 8, 2000, the Fund filed a notice of claim against the Center in the small claims division of the Vigo Superior Court. The claim stated that Carrier had received treatment at the Center and that as a result the Fund had overpaid health benefits in the amount of $1,386.85 on Carrier's behalf. Approximately ten days later, the Center filed a "Motion to Correct Venue," citing Rule 12 of the Indiana Rules for Small Claims. The motion stated that "as reflected in [the Fund's] complaint," the Center was located in Vanderburgh County; Carrier had received treatment in Vanderburgh County; "the face of [the Fund's] [c]omplaint establishes that the 'transaction or occurrence' of which [the Fund] complains occurred in Vanderburgh County"; and because of these facts, the action should be transferred to the small claims division of the Vanderburgh Superior Court. Record pp. 10–11. In response, the Fund argued that pursuant to Indiana Trial Rule 75(A)(10), "preferred venue lies in the county where the principal office of any plaintiff organization exists, or the county in which the office of any such plaintiff organization is located to which the claim relates or out of which the claim arose," and, therefore, Vigo County was the preferred venue due to the location of the Fund's office there. Record p. 13. Relying alternatively on Small Claims Rule 12, the Fund argued that because the plan participants submit their claim forms to the Fund office in Vigo County, the relevant language of Small Claims Rule 12 also supported a finding of venue in Vigo County.

On October 10, 2000, the trial court granted the Center's motion and ordered the cause transferred to Vanderburgh County.[1] After an unsuccessful motion to correct error, the Fund now appeals.

---

1.  The trial court apparently heard oral argument on that date on the Center's motion and the Fund's response, but the record does not include a transcript of that hearing.

## Analysis

■ The only other published case in which we have addressed a change of venue in the context of small claims is *Monroe Heating & Cooling, Inc. v. Rider,* 450 N.E.2d 1056 (Ind.Ct.App.1983). In that case, we held that small claims proceedings are not governed by Indiana Trial Rule 75, but rather are governed exclusively by Small Claims Rule 12, which reads as follows:

(A) Proper Venue. Proper venue for a case in small claims court shall be in the county where the transaction or occurrence actually took place or where the obligation was incurred or is to be performed, or where one of the defendants resides or has his place of employment at the time the complaint is filed.

\* \* \* \* \*

(B) Motion to Correct Venue. When it appears that the county in which the action is pending is not the proper place for the hearing of such action, the court shall, on the motion of a party or upon its own motion, determine the correctness of the venue. If the venue is incorrect the judge shall, at the option of the plaintiff, order the action to be transferred or dismissed without prejudice unless the defendant appears and waives the venue requirement.

*See Monroe Heating & Cooling,* 450 N.E.2d at 1057. That case, however, did not address the issue at the crux of the instant dispute, namely: whether the trial court has discretion to determine, in the course of determining the "correctness of the venue" pursuant to Small Claims Rule 12(B), which is "the county where the transaction or occurrence actually took place" as contemplated in Small Claims Rule 12(A). It is on this determination that the correctness of the venue turns in this case.

■ The Fund maintains that because the Center "submitted claims to the [Fund's] office in Vigo County," and the Fund's office issued the alleged overpayment, venue in Vigo County is proper. The Center counters that because its office is in Vanderburgh County and that is the place where medical treatment was rendered, the "transaction or occurrence actually took place" there, and thus Vanderburgh County is the proper venue and venue could not lie in Vigo County. The trial court apparently agreed with the Center's reasoning, and the Fund's sole claim on appeal is that the relevant "transaction or occurrence" took place in Vigo County.

■ The resolution of the appeal turns on the degree of deference we must afford the trial court's determination that Vanderburgh County is the situs of the "transaction or occurrence." We have held that "the trial court's grant or denial of [a] motion [to change venue] is an interlocutory order because it is one 'made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy.'" *Hollingsworth v. Key Ben. Adm'rs, Inc.,* 658 N.E.2d 653, 655 (Ind.Ct.App.1995) (quoting *Cirtin v. Cirtin,* 199 Ind. 737, 739, 164 N.E. 493, 494 (1928)). Although *Hollingsworth* involved a venue motion under Indiana Trial Rule 75, we find the underlying rationale to be the same; the trial court's grant of the Center's motion in this case was in the nature of an interlocutory order. We generally review interlocutory orders under an abuse of discretion standard. *Hollingsworth,* 658 N.E.2d at 655, *trans. denied.*

Because the trial court has discretion to determine the relevant transaction or occurrence for purposes of determining proper venue, and because the record contains evidence to support the determination that the fundamental transaction or occurrence—i.e., the Center's treatment of Carrier—took place in Vanderburgh County, we find no error in the trial court's transfer of venue to Vanderburgh County.

Affirmed.[2]

BAKER and BROOK, JJ., concur.

2. We note the language of Small Claims Rule 12(B), requiring that "[i]f the venue is incorrect the judge *shall*, at the option of the plaintiff, order the action to be transferred or dismissed without prejudice...." (Emphasis added.) Because the Fund makes no argument regarding the trial court's failure to provide it with the "option" whether to dismiss the action without prejudice or transfer it to Vanderburgh County, and because the practical effect is the same either way in this case (i.e., the Fund could still move the trial court to dismiss the cause without prejudice, if it so chose), we will not address the propriety of the trial court's action in automatically transferring the cause once it determined Vanderburgh County to be the "proper" venue.