**DREYER & REINBOLD, INC., and BMW of North America, LLC, Appellants–Respondents,**

v.

**Jere W. LEIB and Arlene S. Leib, Appellees–Petitioners.**

**No. 02A04–0403–CV–163.**

Court of Appeals of Indiana.

July 14, 2004.

Donn H. Wray, David I. Rubin, Stewart & Irwin, P.C., Indianapolis, IN, Attorneys for Appellants.

## OPINION

VAIDIK, Judge.

### Case Summary

Dreyer & Reinbold, Inc., a BMW dealership in Indianapolis, and BMW of North America, LLC ("BMW NA") appeal the Allen County small claims court's denial of their motion to correct venue. Because the evidence shows that venue is improper in Allen County, we conclude that the court erred in denying the motion to correct venue. We therefore reverse the small claims court.

### Facts and Procedural History

Having previously visited Dreyer & Reinbold in Indianapolis to look at cars, on December 29, 2000, Jere and Arlene Leib purchased a used 2001 BMW 740 iL. Because the Leibs lived in Ft. Wayne, a salesperson from Dreyer & Reinbold drove the BMW to Indiana Factory Shops on Interstate 69 near Anderson, which is where the purchase agreement was executed and the vehicle was delivered. The BMW, which had 2331 miles, had a retail price of $61,000.00. Although the vehicle was considered "used," the manufacturer's warranty applied until July 31, 2004, or 50,000 miles, whichever occurred first.

In November 2002, Jere filed a Consumer Complaint with the Indiana Attorney General's office against Dreyer & Reinbold. In the complaint, Jere alleged in part as follows:

> When my wife and I purchased this vehicle, we thought we were buying an essentially new car with about 2300 miles on the odometer. One of the *features* that the sale[s]man addressed w[as] the "chrome wheels" that were on this car. When the chrome began to pit and bubble, the dealership refused to replace [the] wheels/rims. They claimed that the wheels/rims were not original equipment and therefore were not [under warranty].

Appellant's App. p. 30. One year later, in November 2003, the Leibs filed a Notice of Claim in the Allen Superior Court, Small Claims Division, against Dreyer & Reinbold and BMW NA in which they alleged "failure to provide standard equipment on new vehicle; breach of warranties; deception." Appellant's App. p. 9. The Leibs sought $2600 in damages plus court costs. Thereafter, Dreyer & Reinbold and BMW NA filed a Motion to Dismiss or to Correct Venue ("Motion to Correct Venue") pursuant to Indiana Small Claims Rule 12. Specifically, they alleged that venue was improper in Allen County and therefore requested that the action be either dismissed or transferred to Marion County. The trial court subsequently denied Dreyer & Reinbold and BMW NA's Motion to Correct Venue. After agreeing to indemnify and defend BMW NA, Dreyer & Reinbold filed a Motion to Reconsider, which the trial court also denied. This interlocutory appeal ensued.

### Discussion and Decision

At the outset, we note that the Leibs have failed to file an appellees' brief. In such a case, we need not undertake the burden of developing arguments for the appellees. *Painter v. Painter,* 773 N.E.2d 281, 282 (Ind.Ct.App.2002). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

Dreyer & Reinbold and BMW NA contend that the small claims court erred in denying their Motion to Correct Venue. Venue in small claims proceedings is not governed by Indiana Trial Rule 75 but rather is governed exclusively by Indiana Small Claims Rule 12. *Ind. State Dist. Council of Laborers & Hod Carriers Welfare Fund v. Med First Med. Ctr.,* 744 N.E.2d 542, 544 (Ind.Ct.App.2001). A small claims court has discretion to determine venue under Small Claims Rule 12. *Id.*

Small Claims Rule 12 provides in pertinent part:

> **(A) Proper Venue.** Proper venue for a case filed in the small claims docket of a Circuit, Superior, or County Court shall be in the county where the transaction or occurrence actually took place or where the obligation was incurred or is to be performed, or where one of the defendants resides or has his or her place of employment at the time the complaint is filed....
>
> **(B) Motion to Correct Venue.** When it appears that the county in which the action is pending is not the proper place for the hearing of such action, the court shall, on the motion of a party or upon its own motion, determine the correctness of the venue. If the venue is incorrect the judge shall, at the option of the plaintiff, order the action to be transferred or dismissed without prejudice unless the defendant appears and waives the venue requirement.

Thus, venue in a small claims proceeding is proper: (1) where the transaction or oc-

currence actually took place; (2) where the obligation was incurred or is to be performed; or (3) where one of the defendants resides or has his or her place of employment at the time the complaint is filed.

■ Dreyer & Reinbold and BMW NA argue that Allen County does not fall under any of the three categories listed above and therefore venue is improper there. We first address where the transaction or occurrence actually took place. The transaction or occurrence at issue here is the Leibs' purchase of the BMW from Dreyer & Reinbold. The facts show that the Leibs, who lived in Allen County, drove to Dreyer & Reinbold in Marion County to look at cars. A salesperson from Dreyer & Reinbold then drove the BMW to Indiana Factory Shops on Interstate 69 near Anderson, which is in Madison County. *See* Appellant's App. p. 29. The purchase agreement between Dreyer & Reinbold and the Leibs was executed there, and the delivery of the vehicle took place there as well. Accordingly, the transaction or occurrence actually took place in Madison County.

■ We next address where the obligation was incurred or is to be performed. The Leibs alleged in their Notice of Claim "failure to provide standard equipment on new vehicle; breach of warranties; deception." Appellant's App. p. 9. Dreyer & Reinbold's obligation to provide standard equipment and to abide by the manufacturer's warranty stems from the Leibs' purchase of the BMW. As noted above,

this obligation was incurred in Madison County, which is where the purchase agreement was executed and delivery of the vehicle occurred. However, because Dreyer & Reinbold is located in Marion County, the obligation to provide standard equipment and to abide by the manufacturer's warranty is to be performed there. Therefore, venue under this category is appropriate in either Madison or Marion County.

■ We last address where Dreyer & Reinbold and BMW NA resided at the time the Notice of Claim was filed. The evidence shows that Dreyer & Reinbold is located in Marion County and BMW NA is located in Woodcliff Lake, New Jersey.[1] Therefore, venue under this category is appropriate in Marion County.

In sum, after examining the three categories listed in Small Claims Rule 12, we conclude that venue is not appropriate in Allen County but rather is appropriate in either Madison or Marion County. Accordingly, Dreyer & Reinbold and BMW NA have established prima facie error on appeal. We therefore remand this case with instructions for the small claims court to order the action—at the option of the plaintiffs—either to be transferred to a proper county or to be dismissed without prejudice.

Reversed and remanded.

SULLIVAN, J., and MAY, J., concur.

---

1. The Leibs asserted during the small claims proceeding that because there is a BMW dealership in Allen County, BMW NA has a place of business in Allen County; therefore, venue is appropriate in Allen County. Although we do not undertake the burden of developing arguments for the appellees when no brief is filed, we nevertheless note that the BMW dealership in Allen County, Tomkinson BMW, is an independently owned and licensed franchisee seller of BMW vehicles, and BMW NA has no ownership interest in Tomkinson BMW. Accordingly, the fact that a BMW franchise is located in Allen County does not mean that venue is appropriate there. Under that rationale, venue would be appropriate in any Indiana county that has a BMW franchise.