Phillip R. GOODSON, Appellant–Defendant,

v.

Barbara CARLSON and David Carlson, Appellees–Plaintiffs.

No. 45A04–0711–CV–618.

Court of Appeals of Indiana.

June 3, 2008.

B.J. Brinkerhoff, Kopka, Pinkus, Dokin & Eads, P.C., Crown Point, IN, Attorney for Appellant.

Kevin W. Marshall, The Law Office of Smith & Marshall, Hammond, IN, Attorney for Appellees.

**OPINION**

DARDEN, Judge.

### STATEMENT OF THE CASE

Phillip Goodson and intervenor, State Farm Mutual Automobile Insurance Company ("State Farm"), appeal the trial court's denial of his motion to set aside a default judgment granted to Barbara and David Carlson.

We reverse and remand.

### ISSUE

Whether the service of process on Goodson was adequate.

### FACTS

On September 5, 1999, Barbara Carlson was a passenger in a vehicle driven by her daughter, Marsha Carlson. Marsha was driving north on Highland's Kennedy Avenue as Goodson was turning left from Kennedy Avenue onto 41st Street. According to an Indiana Officers Standard Crash Report (the "Crash Report"), Marsha proceeded through the intersection of Kennedy Avenue and 41st Street, despite having a red light; Marsha's vehicle struck the passenger side of Goodson's vehicle. Based on the statements of Goodson and a witness not involved in the accident, the investigating officer issued a citation to Marsha for disregarding an automatic signal. The Crash Report listed Goodson's address as 2130 Meadow Lane, Schererville, Indiana. It also listed Goodson's automobile insurer as "Illinois Founders." (App.79).

Following a bench trial on the traffic infraction, Marsha submitted a plea and received a disposition of not guilty on July 9, 2001.[1] On July 17, 2001, the Carlsons filed a complaint against Goodson, alleging that Goodson was negligent in the operation of his vehicle. On July 18, 2001, the Lake County Sheriff attempted to serve Goodson with a summons at his address, as listed on the Crash Report: 2130 Meadow Lane, Schererville. The service, however, was "[u]nsuccessful" because the

---

1. Although it is not entirely clear from the record, it seems that Marsha initially received a license suspension after failing to appear.

summons did not list an apartment unit for Goodson, which was noted on the return of service to the clerk's office. (App.15).

Approximately six months later, in January of 2002, counsel for the Carlsons accessed Goodson's records from the Bureau of Motor Vehicles (the "BMV"). Goodson's records listed 2130 Meadow Lane, Schererville as his address as of March 28, 2001. The record reflected the same address in 1998, 1999, and 2000. The address listed for 1999, however, included apartment number six. The Carlsons, however, made no attempt to serve Goodson at the apartment number listed in his BMV records.

On the trial court's own motion, it held a hearing on May 1, 2002, for the purpose of dismissing the Carlsons' case pursuant to Indiana Trial Rule 41(E). The trial court withheld dismissal and granted the Carlsons ninety days from May 1, 2002 to file an alias summons.

In May of 2002, counsel for the Carlsons again retrieved Goodson's records from the BMV. The records listed the same addresses as in January of 2002. The Carlsons did not file an alias summons and took no further action until April 8, 2003, when the Carlsons filed a praecipe for service by publication, directing The Lowell Tribune, a weekly newspaper circulated in Lake County, to publish notice of the Carlsons' complaint.

The Lowell Tribune published the notice on April 15, 22, and 29 of 2003. On May 8, 2003, the Carlsons filed their proof of publication. On November 4, 2003, the Carlsons filed a motion for default judgment, which the trial court granted on November 26, 2003. In July of 2004, State Farm—the Carlsons' automobile insurer—filed a motion to intervene. The trial court granted State Farm's request on July 8, 2004.

Illinois Founders Insurance ("Founders")—Goodson's automobile insurer at the time of the accident—learned of the Carlsons' lawsuit and default judgment on or about March 17, 2006, after receiving a letter from the Carlsons' counsel informing it of the same. On May 24, 2007, Founders, on behalf of Goodson,[2] filed a motion to set aside the default judgment pursuant to Trial Rule 60(B). Goodson argued that service by publication "did not afford him his rights under both Indiana Trial Rule 4.13 and the federal and Indiana Due Process Clauses, respectively." (App.60). Specifically, Goodson argued that the Carlsons failed to conduct a diligent search for him.

In their response to Goodson's motion, the Carlsons asserted that his motion was untimely as Trial Rule 60(B) requires a motion brought pursuant to subsection (B)(4)[3] to be filed within one year "after the judgment, order or proceeding was taken...." T.R. 60(B). Goodson filed a reply on July 6, 2007, asserting that "Defendant is not bringing its Motion to Set Aside Default Judgment under Rule 60(B)(4), but instead under 60(B)(8) [4] *and* Plaintiffs' failure to comply with the Trial

---

**2.** We continue to refer to Goodson as if he had participated in the lawsuit.

**3.** Trial Rule 60(B)(4) provides:
On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default ... for the following reasons:
(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings[.]

**4.** Trial Rule 60(B)(8) provides that a trial court may relieve a party from an entry of default for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4)."

rules and the constitutional mandates of due process." (App.110) (emphasis added).

The trial court heard arguments on Goodson's motion to set aside the default judgment on July 12, 2007, after which it summarily denied Goodson's motion. On or about August 13, 2007, Goodson filed a motion to correct error, which the trial court denied on August 22, 2007. Following a trial on September 7, 2007, on the issue of damages only, a jury awarded the Carlsons damages in the amount of $351,163.00.

Additional facts will be provided as necessary.

### 1. Service of Process

■ Goodson asserts that the trial court lacked personal jurisdiction over him because the service of process was ineffective.[5] Goodson argues that the Carlsons' attempts at service did not comport with the Due Process Clause of the Fourteenth Amendment.

In general, we review a trial court's denial of a motion to set aside judgment for an abuse of discretion, and in so doing, determine whether the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. However, the existence of personal jurisdiction over a defendant is a question of law. Thus, we review a trial court's determination regarding personal jurisdiction de novo. A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint.

*LePore v. Norwest Bank Indiana, N.A.,* 860 N.E.2d 632, 634 (Ind.Ct.App.2007) (internal citations omitted). Where, as here, only a paper record has been presented to the trial court, "we are in as good a position as the trial court to determine the existence of jurisdictional facts and will employ de novo review as to those facts." *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind. Ct.App.2005).

■ Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Id.* Furthermore, "a judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void." *Id.*

In *Munster,* this court addressed the due process requirements for effective service.[6] Citing extensively from *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the *Munster* court held that "alternatives to personal service and actual notice of a suit, such as publication, are permissible" only if the interested party's "whereabouts cannot reasonably and in the exercise of

---

**5.** We note that the Carlsons argue that Goodson untimely filed his motion to set aside the default judgment as it was not filed within one year of the default judgment. Pursuant to Trial Rule 60(B), a motion filed pursuant to subsection (B)(4) must be filed "not more than one year after the judgment...." In this case, however, Goodson—arguing lack of due process—implicitly invoked the void judgment provision of Trial Rule 60(B)(6), which requires that the motion for relief be filed "within a reasonable time...." Goodson also explicitly invoked subsection (B)(8), which also requires that the motion be filed within a reasonable time. The Carlsons do not argue that Goodson failed to file his motion to set aside the default judgment within a reasonable time.

**6.** The *Munster* court discussed due process requirements in the context of service attempted through the Secretary of State.

due diligence be ascertained." *Munster,* 829 N.E.2d at 58.

Notice by publication is governed by Trial Rule 4.13, which provides, in relevant part, as follows:

> Praecipe for summons by publication. In any action where notice by publication is permitted by these rules or by statute, service may be made by publication. Summons by publication may name all the persons to be served, and separate publications with respect to each party shall not be required. The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published.

Thus, "Trial Rule 4.13 allows the use of this form of 'service' or notice, but only if the party seeking publication files with the trial court 'supporting affidavits [showing] that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state.'" 829 N.E.2d at 58.

Furthermore, "the Due Process Clause requires that in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts." *Id.* at 60. Accordingly, in order for constructive service "to be constitutionally effective there must be a showing by the plaintiff or party who sought such service that due diligence to ascertain the defendant's current whereabouts was exercised and ser-

vice" through publication was reasonable under the circumstances. *See id.* at 60–61.

In this case, the Carlsons initially attempted to serve Goodson by delivering or leaving a copy of the summons and the complaint at his residence pursuant to Trial Rule 4.1, which provides that service may be made upon an individual by delivering a copy of the summons and complaint to him personally or by leaving a copy of the summons and complaint at his residence. The sheriff, however, did not deliver or leave a copy of the complaint and summons as the summons failed to provide an apartment number, which was noted on the return of service to the clerk's office.[7]

The Carlsons took no further action until May of 2002 when they requested leave to file an alias summons after the trial court sought to dismiss their case for failure to prosecute or comply with the trial rules. The trial court granted the Carlsons ninety days to file an alias summons.

Again, the Carlsons took no further action until nearly a year later when, in April of 2003, they filed a praecipe for service by publication. Pursuant to Trial Rule 4.13(A), the Carlsons submitted a supporting affidavit from their counsel that "with reasonable inquiry and diligence," he was "unable to ascertain the residence of [Goodson]. . . ." (App.130).

The record shows, however, that the Carlsons only attempted to ascertain Goodson's residence by obtaining his records from the BMV—the first time six months after filing suit and the second time nearly one year after filing suit. Although the records listed an apartment number at 2130 Meadow Lane for Good-

---

7. It can be reasonably inferred that the apartment complex where Goodson lived at the time service was attempted consisted of multi-

ple units. The record does not provide evidence as to the size of the apartment complex or the number of units in the complex.

son—albeit in 1999—the Carlsons made no attempt to serve Goodson at that specific apartment.[8] The Carlsons also made no further attempt to determine Goodson's specific apartment number, such as contacting an apartment manager or questioning other tenants. *See Bays v. Bays*, 489 N.E.2d 555, 557–59 (Ind.Ct.App.1986) (finding sufficient due diligence to justify service by publication where husband questioned wife's parents as to her whereabouts and employed a private investigator to search for her), *trans. denied.* We also note that the Crash Report listed the name of Goodson's automobile insurer, a potential source for Goodson's address. The Carlsons, however, did not seek Goodson's address from the insurance company. Moreover, despite being granted leave to do so, the Carlsons never filed an alias summons and only sought service by publication almost two years after filing suit.

Given the evidence, we cannot say that the Carlsons exercised due diligence in attempting to locate Goodson where the Carlsons utilized only one method to determine Goodson's address; failed to file an alias summons after being granted leave to do so; and did not attempt further notice until nearly two years after commencement of their case. Accordingly, the trial court never obtained personal jurisdiction over Goodson, and the default judgment therefore is void.[9] We reverse and remand with instruction for the trial court to grant Goodson's motion to set aside the default judgment.

Reversed and remanded.

NAJAM, J., and BROWN, J., concur.

---

8. It is unclear whether an apartment number would have been required had the Carlsons sent the complaint and summons by registered or certified mail, as allowed by Trial Rule 4.1 for service on an individual.

9. In arguing that Goodson did not meet the requirements of Trial Rule 60(B)(4), the Carlsons assert that Goodson failed to allege a meritorious defense. Where a judgment is void, the existence of a meritorious defense need not be established. *See Morrison v. Pro-*fessional Billing Serv., Inc., 559 N.E.2d 366, 368 (Ind.Ct.App.1990). Moreover, Goodson did allege a meritorious defense, namely that Marsha caused the accident when she disregarded an automatic signal. Contrary to the Carlsons' argument, Goodson was not required to present *admissible* evidence to satisfy the meritorious defense requirement. *See Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind.Ct.App.2007).