# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**CHRISTOPHER D. LEE**
**REBECCA NESS RHYMER**
Kahn, Dees, Donovan & Kahn, LLP
Evansville, Indiana

ATTORNEY FOR APPELLEES:

**CRAIG GOEDDE**
Goedde Law Office, P.C.
Evansville, Indiana



FILED

Apr 05 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMY and STEVEN W. CERAJEWSKI, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1109-SC-401 |
| | ) | |
| ERIN and ROBERT KIEFFNER, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Sheila M. Corcoran, Magistrate
Cause No. 82D06-1010-SC-10202

April 5. 2012

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Steven and Amy Cerajewski[1] bring this interlocutory appeal of the Vanderburgh County small claims court's denial of their motion to correct venue.

We dismiss.

On or about March 6, 2010, the Cerajewskis, as sellers, and Robert and Erin Kieffner, as buyers, entered into a purchase agreement for the sale of a home located in Posey County, Indiana (the Real Estate). Although Erin was, of the four, apparently the only resident of Vanderburgh County at the time, both parties enlisted the services of real estate agents out of Vanderburgh County. Closing for the Real Estate took place on or about May 12, 2010,[2] and the Kieffners assumed possession on or about May 21, 2010. Thereafter, the Cerajewskis moved to Michigan, and the Kieffners moved to the Real Estate in Posey County.

On October 13, 2010, the Kieffners filed the instant small claims action in Vanderburgh County, alleging breach of contract and fraud resulting from the transaction for the sale of the Real Estate. The Cerajewskis appeared by phone and subsequently, on January 10, 2011, filed a motion to transfer venue, relying upon Trial Rule 75 and arguing that Vanderburgh County was not a preferred venue for this action. On January 12, the small claims court set the matter for trial on March 29 and noted that the Cerajewskis' motion to

---

[1] The appellants' last name was improperly captioned as "Cerojewski" at the trial court level but has been changed on appeal to reflect the proper spelling.

[2] In conjunction with the Kieffners' appellate brief, they filed an appendix containing the affidavit of Erin Kieffner. In said affidavit, Erin averred that the closing took place in Vanderburgh County. Though certainly relevant to the issue at hand, we observe that this evidence was not presented below. Therefore, it is not properly before us and will not be considered in this appeal. *See generally* Ind. Appellate Rule 50(A)(1) (purpose of an appendix is to include those *parts of the record on appeal* that are necessary for the appellate court to decide the issues presented). In further proceedings, however, the Kieffners would be well advised to introduce said evidence. Finally, we observe that the Kieffners' request for attorney fees pursuant to Ind. Appellate Rule 66(E) is based entirely upon the "facts" supplied in their appendix, which we cannot consider.

transfer was taken under advisement. Thereafter, on February 4, Steven Cerajewski telephoned the court, and court personnel once again advised him of the trial date and that the motion to transfer had been taken under advisement. The day before the scheduled trial, the Cerajewskis filed a motion to order plaintiffs' payment of filing costs for refiling case in defendants' county of residence.

The Cerajewskis did not appear on the March 29 trial date. Robert Kieffner appeared in person and by counsel and presented evidence in support of the Kieffners' claim. Accordingly, the small claims court entered a default judgment against the Cerajewskis in the amount of $1250 plus costs, interest, and attorney fees.

On April 29, 2011, the Cerajewskis filed a motion to correct error, or in the alternative, motion for relief from default judgment. The small claims court held a hearing on the motion on July 12, 2011, at which the Cerajewskis asked the court to set aside the default judgment and transfer venue from Vanderburgh County. With respect to venue, both parties asserted arguments based upon T.R. 75, although the Cerajewskis' counsel did (for the first time) briefly address Ind. Small Claims Rule 12. On July 22, the small claims court issued an order denying the Cerajewskis' motion. As part of its written order, the court stated: "Vanderburgh County is a county of preferred venue under Trial Rule 75 for the reason that Plaintiff Erin Kieffner was a resident of Vanderburgh County, Indiana during the time the cause of action arose". *Appellants' Appendix* at 9.

On August 2, 2011, the Cerajewskis filed a motion for the small claims court to reconsider its decision to refuse to set aside the default judgment and to transfer venue. In their motion, the Cerajewskis referred specifically to S.C.R. 12 when addressing their venue

3

argument. The small claims court granted the motion to reconsider with respect to the default judgment only. Accordingly, the court vacated the entry of default on August 10, 2011. The court, however, refused to transfer venue to Posey County.

On September 9, 2011, the Cerajewskis initiated this interlocutory appeal to obtain review of the small claims court's venue determination only. We note that the Cerajewskis did not request certification of the order from the trial court nor seek acceptance of jurisdiction from this court. Rather, they proceed as if this is an interlocutory appeal as a matter of right under Ind. Appellate Rule 14(A). It is not.

App. R. 14(A) sets forth the exclusive list of interlocutory orders that may be appealed as a matter of right by the filing of a notice of appeal within thirty days of the entry of the interlocutory order:

(1)     For the payment of money;

(2)     To compel the execution of any document;

(3)     To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4)     For the sale or delivery of the possession of real property;

(5)     Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6)     Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7)     For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8)     *Transferring or refusing to transfer a case under Trial Rule 75*; and

(9)   Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

*Id.* (emphasis supplied).  *See also Rowe v. Ind. Dep't of Correction*, 940 N.E.2d 1218 (Ind. Ct. App. 2011), *trans. denied*.

We may dismiss appeals sua sponte upon discovering that we do not have jurisdiction. *Moser v. Moser*, 838 N.E.2d 532 (Ind. Ct. App. 2005), *trans. denied*.  An appeal from an interlocutory order, as in the instant case, is not allowed unless specific authority is granted by the Indiana Constitution, statutes, or the rules of court.  *Id.*  Moreover, any such express authorization is strictly construed.  *Id.*

In the instant case, the Cerajewskis rely upon App. R. 14(A)(8) in pursuing this interlocutory appeal as a matter of right.  Under that provision, a party may immediately appeal an order refusing to transfer a case under T.R. 75.  At first blush, one could argue that is the precise order being appealed here, as the parties and the trial court all discussed preferred venue requirements under T.R. 75.

The reality, however, is that T.R. 75 is inapplicable.  It is well established that venue in small claims proceedings is not governed by T.R. 75 "but rather is governed exclusively by Indiana Small Claims Rule 12."  *Dreyer & Reinbold, Inc. v. Leib*, 811 N.E.2d 858, 861 (Ind. Ct. App. 2004).  S.C.R. 12 provides in pertinent part:

> **(A) Proper Venue.** Proper venue for a case filed in the small claims docket of a Circuit, Superior, or County Court shall be in the county where the transaction or occurrence actually took place or where the obligation was incurred or is to be performed, or where one of the defendants resides or has his or her place of employment at the time the complaint is filed.
>
> * * * *
>
> **(B) Motion to Correct Venue.** When it appears that the county in which the

5

> action is pending is not the proper place for the hearing of such action, the court shall, on the motion of a party or upon its own motion, determine the correctness of the venue. If the venue is incorrect the judge shall, at the option of the plaintiff, order the action to be transferred or dismissed without prejudice unless the defendant appears and waives the venue requirement.

"Thus, venue in a small claims proceeding is proper: (1) where the transaction or occurrence actually took place; (2) where the obligation was incurred or is to be performed; or (3) where one of the defendants resides or has his or her place of employment at the time the complaint is filed." *Dreyer & Reinbold, Inc. v. Leib*, 811 N.E.2d at 860-61.

The respective venue considerations under T.R. 75 and S.C.R. 12 are markedly different, with the provisions of T.R. 75 being much more involved.[3] Moreover, unlike S.C.R. 12, T.R. 75(E) expressly provides for an interlocutory appeal as a matter of right. This right is also reiterated in App. R. 14(A)(8). Given our strict construction of the list of authorized interlocutory appeals as a matter of right, we cannot say that App. R. 14(A)(8) applies to all venue determinations, whether under T.R. 75 and S.C.R. 12. Accordingly, we conclude that the small claims court's refusal to transfer venue is not an interlocutory order appealable as a matter of right.

The Cerajewskis were required to request a discretionary appeal pursuant to the procedures set out in App. R. 14(B). They failed to do this. Because no basis exists for an interlocutory appeal as a matter of right pursuant to App. R. 14(A), we dismiss the

---

[3] The simplicity of S.C.R.12, as compared to T.R. 75, is due to the nature of small claims proceedings, which are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law". S.C.R. 8(A). Further, in small claims cases, the parties "shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." *Id*.

Cerajewskis' appeal for lack of jurisdiction.[4]

Appeal dismissed.

BARNES, J., and MAY, J., concur.

---

[4] We acknowledge that other cases from this court have entertained interlocutory appeals of S.C.R. 12 orders. *See Dreyer & Reinbold, Inc. v. Leib*, 811 N.E.2d 858; *Ind. State Dist. Council of Laborers & Hod Carriers Welfare Fund v. Med First Med. Ctr.*, 744 N.E.2d 542 (Ind. Ct. App. 2001); *Monroe Heating & Cooling, Inc. v. Rider*, 450 N.E.2d 1056 (Ind. Ct. App. 1983). It is not clear in those cases whether the interlocutory appeal was taken under App. R. 14(A) or (B).