*186 VAIDIK, Judge,
concurring in result.
I agree with the majority that Birth Mother’s due-process rights were violated, she should have received notice of the adoption proceedings, and the adoption decree must be set aside. I also agree with the majority’s conclusion that the adoption statutes at issue are constitutional. My reasoning, however, is different. I conclude that the adoption statutes require notice of adoption proceedings to birth parents whose rights have been terminated but who have not exhausted their appeals.
Birth Mother’s parental rights to her two children were terminated by a trial court in January 2008, and she appealed. This Court reversed the termination order just eight months later. We did so without knowledge that the children were adopted while Birth Mother’s appeal was pending. Birth Mother also knew nothing of the adoption proceedings.
At the heart of this case is DOS’s claim that Birth Mother received all the procedural due process to which she was entitled — that is, DCS did not have to give Birth Mother notice of the adoption proceedings or obtain her consent to the adoption because her parental rights had been terminated at the trial-court level. Ind. Code §§ 31-19^2.5-4(4), 31-19-9-8(a)(8). Because Birth Mother had a fundamental, substantive right to the care and custody of her children, In re C.G., 954 N.E.2d 910, 916-17 (Ind.2011) (citing Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)), and she had not exhausted all of her appellate remedies when the adoption proceedings were initiated, her due-process rights were violated.
Birth Mother challenges the constitutionality of Indiana’s adoption statute, particularly its notice and consent provisions. “When an appellant challenges the constitutionality of a statute, we presume that the statute is constitutional until that presumption is overcome by a contrary showing.” Studler v. Ind. Bureau of Motor Vehicles, 896 N.E.2d 1156, 1159-60 (Ind.Ct.App.2008). The party challenging the statute’s constitutionality bears the burden of proof, and all doubts will be resolved against that party. Id. “The party must demonstrate that no set of circumstances exists that would make the statute constitutional.” Id. (citing Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind.1999)). If a statute may be construed to support its constitutionality, we must adopt that construction and find the statute to be constitutional. Id.
Indiana Code section 31-19-2.5-4(4) provides that “notice of the pendency of the adoption proceedings does not have to be given to ... a person whose parental rights have been terminated before the entry of a final decree of adoption.” The relevant consent provision, Section 31-19-9-8(a)(8), states that a parent need not consent to the adoption of her child if “[T]he parent-relationship has been terminated under IC 31-35.” Because we presume these statutes to be constitutional, I would construe their notice and consent exemptions to apply only when a parent’s rights have been terminated as a final matter — after exhaustion of all appellate remedies. This construction protects a parent’s substantive due process right to the care and custody of her children and, by preserving notice and consent, affords an opportunity to be heard at a meaningful time and in a meaningful way.
Reading the statutes in this manner does not preclude a trial court from granting an adoption petition when an appeal of a termination order is pending. See Ind. Code § 31-91-11-6. If a birth parent is notified of adoption proceedings, she may *187 consent to the adoption.[6] Or a trial court may determine that the parent’s consent is not required. See Ind.Code § 31-19-9-8(a)(ll). In either instance, the trial court may exercise its discretion and grant an adoption petition despite a pending appeal. The corresponding section of the termination statute also provides that this may occur. See Ind.Code § 31-35-6-3. So long as a parent is given notice of these adoption proceedings, however, such a decision would not run afoul of that parent’s due-process rights.
Birth Mother has a substantive due process right to the care and custody of her children. While I conclude that the provisions of the adoption statute challenged here are constitutional, I reach this conclusion by reading the statute to excuse notice of adoption proceedings only when a parent’s rights have been terminated as a final matter through exhaustion of all appellate remedies. Birth Mother’s children were adopted without notice to her before she had exhausted these remedies. As a result, her due-process rights were violated, and the adoption decree is void. See In re Adoption of L.D., 938 N.E.2d 666, 669 (Ind.2010) (citing Stidham v. Whelchel, 698 N.E.2d 1152, .1154 (Ind.1998)).

. Section 3 l-35-6-4(a)(2) of the termination statute provides that a parent need not give consent when their rights are terminated by a juvenile or probate court. However, I would read this statute to also refer to termination as a final matter, after exhaustion of a parent’s possible appellate remedies.