**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 20 2013, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MIRIAM HUCK**
Thomasson, Thomasson, Long & Guthrie, P.C.
Columbus, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GINA WEST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1208-CC-395 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-0703-CC-535

**May 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Gina West appeals the denial of her motion to set aside a default judgment. We reverse.

## FACTS AND PROCEDURAL HISTORY

In March 2007, Midland Credit Management sued West to recover a debt. It chose to have the Sheriff serve the summons and complaint. The Process Receipt and Return indicates West was to be served at "2429 Westline Drive, Apt. A" in Columbus, Indiana. (App. at 7.) A notation on the Process Receipt and Return indicates it was also sent by first class mail to that address. West apparently lived at 2429 Westline Drive, but that address is a house and there is no "Apt. A." The "remarks" section of the document says "Left with Hayley Ahrmann," *id*., and there was a "family a couple streets down around the corner" by that name. (Tr. at 5.) West did not know Haley Ahrmann and was never served a copy of the complaint.

A default judgment was entered in June 2007, but West never received a copy. The record does not reflect the address to where a copy was sent. West first learned in March 2012 about the proceedings against her when her father's business received a request for interrogatories about her. West testified she did not know what the debt is for and has never done any business with the alleged creditor.

The trial court declined to set aside the default judgment. At the hearing it found service was valid and West was obliged to bring her motion within a year after the judgment. In its written order it addressed only timeliness, finding Rule 60(B) required the motion to

2

set aside the judgment be filed within a year after the judgment, and West had waited five years.

## DISCUSSION AND DECISION

Any doubt of the propriety of a default judgment should be resolved in favor of the defaulted party. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1058 (Ind. Ct. App. 2006). In general, we review a denial of a motion to set aside a judgment for an abuse of discretion and, in so doing, determine whether the decision is clearly against the logic and effect of the facts and inferences supporting the judgment. *Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind. Ct. App. 2008). However, whether there is personal jurisdiction over a defendant is a question of law. *Id*. Thus, we review *de novo* a determination regarding personal jurisdiction. *Id*. A plaintiff is responsible for presenting evidence there is personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving by a preponderance of the evidence the lack of personal jurisdiction, unless that lack is apparent on the face of the complaint. *Id*. Ineffective service of process precludes a trial court from having personal jurisdiction over a defendant, *id.,* and a judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void. *Id.*

At the outset, we note Midland did not submit an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee. *Dreyer & Reinbold, Inc. v. Leib*, 811 N.E.2d 858, 860 (Ind. Ct. App. 2004). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes *prima facie* error. *Id.*

3

"*Prima facie*" is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

West has demonstrated *prima facie* error.

1. <u>Service</u>

Service may be made on an individual by:

[**(A)**](1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
(2) delivering a copy of the summons and complaint to him personally; or
(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
(4) serving his agent as provided by rule, statute or valid agreement.
**(B) Copy Service to Be Followed With Mail.** Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

Ind. Trial Rule 4.1(emphasis in original).

West testified the "Apartment A" to which the summons and complaint was to be delivered and mailed did not exist and the documents were left with someone who lived nearby but whom she did not know. Midland was represented by counsel at the hearing but offered no evidence to the contrary. To the extent the trial court's decision was premised on valid service, West has shown *prima facie* error. *See, e.g.*, *Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind. Ct. App. 1987) (service was defective when summons was sent to an address where Poteet no longer lived).

2.    Timeliness

The trial court determined Trial Rule 60(B) required West to file her motion within a year after the default judgment, and she did not. The Order does not indicate which subsection of T.R. 60(B) was applied, and not all subsections require the motion be brought within a year. At the hearing, neither the trial judge nor counsel was certain whether the motion for relief from judgment was made under T.R. 60(B)(1) or some other subsection.

A motion under T.R. 60(B)(1) must be brought within a year, and West's motion to set aside the judgment explicitly cited T.R. 60(B)(1), which permits a trial court to relieve a party from judgment based on "mistake, surprise, or excusable neglect." But a motion like West's is governed by T.R. 60(B)(6). *See, e.g.*, *Swiggett Lumber Const. Co., Inc. v. Quandt*, 806 N.E.2d 334, 336 (Ind. Ct. App. 2004). There, we addressed Swiggett's argument the default judgment was void and should be set aside pursuant to T.R. 60(B)(6) because the trial court lacked personal jurisdiction over Swiggett due to inadequate service of process:

> While Swiggett did not specifically cite T.R. 60(B)(6) in its motion for relief from judgment, the motion clearly raised the issue of whether the trial court lacked personal jurisdiction to enter the default judgment. *See, e.g., Appellant's Appendix* at 24 ("[w]ithout service upon the Defendant, this Court has not obtained jurisdiction over this matter, and cannot properly enter a default judgment").

*Id*. n.2

A motion under T.R. 60(B)(6) may be brought "within a reasonable time." West brought her motion about a month after she discovered the default judgment. Thus, her motion was timely. *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 816 (Ind. 2012)

5

(motion filed thirteen months after entry of default judgment was filed in a reasonable time when Citimortgage never received notice of the proceeding), *reh'g denied.*

West has shown *prima facie* error in the denial of her motion to set aside the default judgment, as her motion did not have to be brought within a year and she proved service was improper.  We accordingly reverse.

Reversed.

BAKER, J., and MATHIAS, J., concur.