Phillip YODER, Megan Yoder, and Boyd V. Gohl, Appellants,

v.

COLONIAL NATIONAL MORTGAGE, a division of Colonial Savings, FA, Appellee.

No. 32A01–0908–CV–393.

Court of Appeals of Indiana.

Feb. 3, 2010.

Michael M. Yoder, Chad L. Rayle, Yoder & Kraus, P.C., Kendallville, IN, Attorneys for Appellants.

Mark R. Galliher, Craig D. Doyle, James L. Shoemaker, Doyle Legal Corporation, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Boyd Gohl appeals from the trial court's denial of his Ind. Trial Rule 60(B)(6) motion to set aside a default judgment entered against him in a foreclosure action instituted by Colonial National Mortgage, a Division of Colonial Savings, F.A. (Colonial). Gohl presents one issue for our review: did the trial court err in finding that he was not entitled to relief pursuant to T.R. 60(B)(6) because he was properly served with notice such that the court had personal jurisdiction over him?

We reverse and remand.

On November 20, 2007, Colonial filed a complaint to foreclose upon a note secured by a mortgage executed by Phillip and Megan Yoder on June 2, 2004 in the original amount of $ 157,894. The mortgage was secured by real estate and improvements thereon located in Hendricks County. On December 17, 2007, Colonial filed an amended complaint, adding Gohl as a defendant to assert any interest he might have in the real estate arising from a second mortgage issued by the Yoders to Gohl and recorded in Hendricks County on July 21, 2005.[1]

The mortgage signed by Gohl indicated that he lived in LaGrange County, but it did not set forth an address.[2] Staff for Colonial conducted a search for Gohl's address using a people-search tool provided by Yahoo. The search for "B" "Gohl" in the entire state of Indiana resulted in an address in Jeffersonville, Indiana.[3] *Appellant's Appendix* at 95. On December 20, 2007, Colonial sent a summons via certified mail to B. Gohl at the Jeffersonville address. While service on Gohl was pending, Colonial learned that personal service on the Yoders could not be completed because the residence at the address where service was attempted was vacant. On December 21, 2007, Colonial filed a praecipe for service by publication against the Yoders. In addition to identifying the Yoders as de-fendants, the notice also identified Gohl as a named defendant and indicated that Colonial knew where Gohl was located.[4] On January 7, 2008, Colonial learned that the summons sent to Gohl at the Jeffersonville address was returned as not deliverable. By this time, publication as against the Yoders had already occurred and was set to be completed two days later.

On February 20, 2008, having received no answer or response from any of the defendants, Colonial moved for a default judgment, asserting that all of the defendants, including Gohl, had been duly served by publication. The following day, the trial court entered a default judgment of foreclosure in favor of Colonial and against Gohl and the Yoders. The subject real estate was sold at a sheriff's sale on May 15, 2008 and the proceeds fully satisfied Colonial's judgment.

On January 20, 2009, Gohl filed a T.R. 60(B) motion for relief from default judgment. Gohl argued that the judgment against him was void for lack of service of process. Following a hearing, the trial court denied Gohl's motion on July 8, 2009. Gohl now appeals.

 We review a trial court's denial of a motion to set aside judgment for an abuse of discretion and, in so doing, deter-

1. The mortgage issued by the Yoders to Gohl was for the principal sum of $30,000. It is undisputed that this mortgage is inferior, junior, and subsequent to the mortgage issued by Colonial.

2. We note that Ind.Code Ann. § 32–21–2–3 (West, PREMISE through 2009 1st Regular Sess.) was amended, effective July 1, 2007, and now provides that a conveyance of real property may not be recorded unless the conveyance includes the mailing address to which the property tax statements under Ind. Code Ann. § 6–1.1–22–8.1 (West, PREMISE through 2009 1st Regular Sess.) should be mailed. There, however, does not appear to be any such address requirement for recording of mortgages. Such a requirement would have eliminated the issue presented in this appeal.

3. LaGrange County is located in northeastern Indiana bordering Michigan. Jeffersonville is located in Clark County, Indiana, which is at the opposite end of the state bordering Kentucky.

4. The exact language of the notice provided as follows: "This Summons by Publication is specifically directed to the following named Defendants whose whereabouts are known to me: Boyd V. Gohl." *Appendix* at 44.

mine whether the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d 334 (Ind.Ct.App. 2004). In this case, however, Gohl argues a lack of personal jurisdiction. "The existence of personal jurisdiction over a defendant is a question of law.... Thus, we review a trial court's determination regarding personal jurisdiction de novo." *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind. Ct.App.2005). A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint. *Munster v. Groce,* 829 N.E.2d 52.

■ Gohl argues that the default judgment against him must be set aside and the action dismissed because the trial court lacked personal jurisdiction over him due to inadequate service of process. " 'If service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void.' " *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d at 336 (quoting *King v. United Leasing, Inc.,* 765 N.E.2d 1287, 1290 (Ind.Ct.App.2002)). Therefore, to determine whether the trial court's judgment against Gohl is void, we must determine whether Colonial's service of process upon Gohl was effective. *See Northwestern Nat. Ins. Co. v. Mapps,* 717 N.E.2d 947 (Ind.Ct.App.1999).

In its application for default judgment, Colonial relied upon service of process by publication as to all defendants, including Gohl. Ind. Trial Rule 4.13 provides for service of process by publication:

In any action where notice by publication is permitted by these rules or by statute, service may be made by publication. Summons by publication may name all the persons to be served, and separate publications with respect to each party shall not be required. The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

Gohl argues that Colonial failed to specifically comply with T.R. 4.13. Gohl also argues that Colonial's failure to use due diligence to locate him before attempting service by publication denied him due process of law.

[6] We begin with T.R. 4.13. On December 21, 2007, Colonial submitted in support of service by publication the affidavit of Jack F. Blakely, in which Blakely clearly identified Gohl as a defendant in the action but stated that Gohl's whereabouts were known. Likewise, the notice of suit that was published was "specifically directed to ... Boyd V. Gohl", but also indicated that Gohl's whereabouts were known. *Appendix* at 44. Gohl argues that because the affidavit submitted by Colonial did not state that a diligent search had been made and that Gohl could not be found, that he concealed his whereabouts, or that he left the state, as set forth in T.R. 4.13, service by publication was ineffective. Gohl thus argues that the default judgment must be set aside as void for lack of personal jurisdiction over him. Colonial does not dispute that it did not com-

ply with T.R. 4.13 as to Gohl, but rather asserts that requiring it to do so would be an exercise in futility as a conforming affidavit and second publication would have added nothing to the notice Gohl received in the first instance. Colonial maintains that this is especially true given its claim that it conducted a diligent search for Gohl.

It could perhaps be said that Colonial's use of a people-search tool offered by Yahoo constituted a diligent search if in fact that search had resulted in a correct address for Gohl. The result of the search, however, provided Colonial with an address in a county at the opposite end of the state than was indicated as Gohl's county of residence on the second mortgage document filed in Hendricks County. Of little surprise, the address relied upon by Colonial was not the proper address for the individual upon whom they were trying to effect service. There is nothing in the record that suggests Colonial made any further efforts to locate Gohl. We are hard-pressed under these circumstances to say that Colonial engaged in a diligent search for Gohl's whereabouts. Rather, Colonial sat back and relied upon service by publication instituted for the purpose of service of process as against the Yoders that did not comply with T.R.4.13 as against Gohl. Indeed, the publication notice was misleading as to Gohl in that it clearly stated that Gohl's whereabouts were known thus suggesting that personal service was to be effected in a more direct manner.

Regarding his due process claim, Gohl asserts that after Colonial received notice that personal service upon him at the Jeffersonville address could not be had, Colonial should have made some further attempt to locate him. Gohl specifically argues that Colonial should have made a more diligent search for him in LaGrange County, the county identified on his second mortgage with the Yoders as his county of residence. In support of his argument, Gohl submitted an affidavit that he had lived at the same address in LaGrange County his entire life, except for time spent away at college. Gohl also submitted evidence showing that searches using internet search tools different than that used by Colonial identified his correct home address in LaGrange County.

■■ In response to Gohl's arguments, Colonial maintains that its service by publication was effective as against Gohl. Colonial directs us to T.R. 4.15(F), which provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." We note that the purpose of this rule is to reduce the number of challenges to service of process because of technical defects in the service. *Volunteers of Am. v. Premier Auto Acceptance Corp.,* 755 N.E.2d 656 (Ind.Ct.App.2001). We further note that the test for sufficiency of service of process under T.R. 4.15(F) is identical to the requirements of due process, i.e., "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Glennar Mercury–Lincoln Inc., v. Riley,* 167 Ind.App. 144, 338 N.E.2d 670 (1975).

Colonial's arguments are built upon the premise that it performed a diligent search to ascertain Gohl's whereabouts. Colonial's efforts in this regard were minimal, at best. Colonial made no attempt to locate Gohl in LaGrange County. Colonial

relied on an address it found through a cursory internet search for "B" "Gohl" using a single people-search tool. *Appellant's Appendix* at 95. The address for "B" "Gohl" was located clear across the state from where recorded documents indicated Gohl lived. *Id.* After learning that service could not be had on Gohl at the Jeffersonville (Clark County) address, Colonial made no further attempt to locate Gohl, who had lived at the same address in LaGrange County his entire life (except for time spent away at college). Colonial's cursory attempt to locate Gohl does not constitute a diligent search.

Further, as it pertained to effecting service of process by publication as against Gohl, Colonial wholly failed to comply with T.R. 4.13. Having considered all of the circumstances and given our finding that Colonial acted with less than due diligence, we find that service of process by publication as against Gohl was unreasonable. *See Goodson v. Carlson,* 888 N.E.2d 217 (Ind.Ct.App.2008). We therefore conclude that the trial court abused its discretion in finding that it had personal jurisdiction over Gohl when it rendered the default judgment against him. Being without personal jurisdiction, the default judgment is void. We reverse and remand with instructions for the trial court to grant Gohl's motion to set aside the default judgment.

Judgment reversed and remanded with instructions.

NAJAM, J., and BRADFORD, J., concur.