**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**JOSEPH G. STRIEWE**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**FREDRIC LAWRENCE**
Nelson & Frankenberger
Indianapolis, Indiana

FILED

Sep 30 2014, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CALVIN HAIR, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No. 49A04-1404-MF-188 |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, AS TRUSTEE FOR AMERIQUEST ) | |
| MORTGAGE SECURITIES, INC., ASSET- ) | |
| BACKED PASS-THROUGH CERTIFICATES, ) | |
| SERIES 2003-1, ) | |
| ) | |
| Appellee-Defendant, ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1105-MF-19008

**September 30, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Calvin Hair appeals the denial of his motion to set aside a default judgment for foreclosure entered in favor of Deutsche Bank National Trust Company ("Deutsche Bank"). We reverse and remand.

**Issue**

The issue before us is whether the judgment obtained by Deutsche Bank was void as to Hair for lack of personal jurisdiction, resulting from ineffectual service of process.

**Facts**

In 2002, Sharon Adejare executed a note payable to Ameriquest Mortgage Company in the amount of $158,000, which was secured by a mortgage on property located on 1839-1841 Talbott Street in Marion County. Deutsche Bank later was assigned the note and mortgage.

In 2006, Hair obtained a judgment against Adejare in Marion County in the amount of $139,800.89. Hair originally was a defendant in this lawsuit along with Adejare, but he filed counterclaims and crossclaims that resulted in a crossclaim judgment against Adejare in his favor. In 2009, the Marion County Clerk's office recorded the judgment against Adejare and for Hair on its docket.[1] In the docket, Hair is listed as "Hair Calvin Cross and Counterclaimant." App. pp. 58-59. Adejare, by contrast, is listed as "Adejare, Sharon." Id. This judgment was not collected.

---

[1] This delay in recording the judgment in favor of Hair on the docket has caused problems and was addressed in Hair v. Schellenberger, 966 N.E.2d 693 (Ind. Ct. App. 2012), trans. denied. That case also concerned foreclosure of a mortgage on a piece of property owned by Adejare on Talbott Street in Indianapolis, which appears to have been a different parcel than is at issue here. The recording delay is irrelevant in the present case.

2

Meanwhile, in 2007, Adejare filed for Chapter 7 bankruptcy relief. In 2009, Adejare obtained a personal discharge of her debts. This discharge, however, did not preclude in rem collection actions by creditors against the Talbott Street property. In the schedule of creditors in the bankruptcy case, Hair is listed as a creditor by the name of "Calvin Hair," and the schedule also listed Hair's attorney's name and address. Id. at 62.

In 2011, Deutsche Bank filed a foreclosure action with respect to the mortgage on the Talbott Street property. Deutsche Bank served Hair with notice of the lawsuit via publication only. A paralegal for Deutsche Bank's attorney signed an affidavit for service by publication stating that the residence for "Hair Calvin Cross & Counterclaimant" was unknown and could not be ascertained through reasonable inquiry and diligence. Id. at 29. Hair did not have actual notice of the foreclosure action and did not respond to it. On October 5, 2011, the trial court entered judgment by default against Hair and others who had not responded to Deutsche Bank's complaint. The amount of the judgment was $161,079.21. On January 11, 2012, Deutsche Bank bought the Talbott Street property at a sheriff's sale for $51,387, and it conveyed the property to a third party a few months later.

On October 31, 2013, Hair filed a motion to set aside the foreclosure judgment, asserting that service by publication was not warranted and that the judgment was rendered without personal jurisdiction as to him. Hair stated that he had discovered the foreclosure earlier that month after searching real estate records for property owned by Adejare that could be used to satisfy the judgment still owed to him. Hair also submitted evidence that his address was readily ascertainable through internet searches for "Calvin Hair." The trial

3

court denied Hair's motion to set aside and his subsequent motion to correct error. Hair now appeals.

## Analysis

Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the ruling. Yoder v. Colonial Nat'l Mortg., 920 N.E.2d 798, 800-01 (Ind. Ct. App. 2010). However, whether personal jurisdiction exists over a defendant is a question of law that we review de novo. Id. at 801. A judgment entered where there has been insufficient service of process is void for want of personal jurisdiction. Front Row Motors, LLC v. Jones, 5 N.E.3d 753, 759 (Ind. 2014).

Void judgments may be attacked through Indiana Trial Rule 60(B)(6). By the plain terms of the rule, motions to set aside under subsection (6) of Rule 60(B) do not require proof of a meritorious defense to the judgment being challenged. Also, although motions under Rule 60(B)(6) should be filed within a "reasonable time," "a judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time and . . . the 'reasonable time' limitation under Rule 60(B)(6) means no time limit." Stidham v. Whelchel, 698 N.E.2d 1152, 1156 (Ind. 1998).

Hair contends Deutsche Bank erred in attempting to serve him with notice of the foreclosure through publication only. Indiana Trial Rule 4.13(A) provides:

> **Praecipe for summons by publication.** In any action where notice by publication is permitted by these rules or by statute, service may be made by publication. Summons by publication

4

> may name all the persons to be served, and separate publications with respect to each party shall not be required. The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

The Due Process Clause demands that there be a diligent search for a party before attempting notice of a lawsuit by publication only. In re Adoption of L.D., 938 N.E.2d 666, 669 (Ind. 2010). Service by publication is inadequate if there has not been a diligent effort to ascertain a party's whereabouts. Id. "'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Munster v. Groce, 829 N.E.2d 52, 58 (Ind. Ct. App. 2005) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950)). In fulfilling the obligation to exercise due diligence in locating a party, "mere gesture[s]" are not enough and the "means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 339 U.S. at 315, 70 S. Ct. at 657.

In Munster, we found a "bare-bone" affidavit insufficient to establish due diligence in attempting to locate a litigant, where it only described attempts to serve the party at alleged former places of residence and employment but failed to describe adequate

5

attempts to ascertain the party's current whereabouts. <u>Munster</u>, 829 N.E.2d at 61.[2]  In

<u>Yoder</u>, we found insufficient evidence of due diligence in attempting to locate a junior

mortgagee before proceeding with a foreclosure by publication notice only.  The senior

mortgagee found an address for a person with the same name as the junior mortgagee using

one internet search engine, but the address was for a vacant property in a county on the

opposite side of Indiana than was indicated as the party's home county in mortgage

documents.  There was no further attempt to locate the party after the first attempt at service

was returned, and there was evidence that other internet search engines would have

provided the correct address for the party.  <u>Yoder</u>, 920 N.E.2d at 802.  These cases

demonstrate that minimal or perfunctory efforts to locate a party are insufficient to justify

service by publication, and that if initial attempts to locate or serve a party are fruitless, the

circumstances may require more effort to locate the party instead of proceeding directly to

service by publication.

Upon obtaining a judgment against Adejare in Marion County, Hair automatically

obtained a judgment lien against any real property she owned in that county upon recording

of the judgment in the county's judgment docket.  <u>See</u> <u>Arend v. Etsler</u>, 737 N.E.2d 1173,

1175 (Ind. Ct. App. 2000); Ind. Code § 34-55-9-2.  Recordation of a judgment is a

ministerial act to be performed by the trial court clerk and is not the responsibility of the

party obtaining the judgment.  <u>Lobb v. Hudson-Lobb</u>, 913 N.E.2d 288, 295 (Ind. Ct. App.

---

[2] <u>Munster</u> concerned an attempt to serve notice of a lawsuit through the Secretary of State under Indiana Trial Rule 4.10.  Although <u>Munster</u> did not directly concern Trial Rule 4.13 and service by publication, the principles addressed were the same with respect to the propriety of giving only constructive and not actual notice of a lawsuit.  <u>See</u> <u>L.D.</u>, 938 N.E.2d at 670 n.4.

2009). Here, the Marion County Clerk's office neglected to place a comma between "Hair" and "Calvin" in the judgment docket in order to clearly indicate that "Calvin" was Hair's first name and "Hair" was his last name.

Still, this slight discrepancy should not have caused Deutsche Bank to be stymied in its attempt to locate and serve Hair with actual notice of its foreclosure action. Deutsche Bank's affidavit for service by publication indicates only that it looked for someone or something with the strange name of "Hair Calvin Cross and Counterclaimant." An attorney, paralegal, or anyone familiar with litigation terms should have immediately disregarded "Cross and Counterclaimant" as being merely a party designation in the judgment docket and not part of a name. That left "Hair Calvin" as the name in the docket that needed to be searched for. Upon being unable to find someone or something named "Hair Calvin" through internet searches or other methods, it should have been relatively straightforward to have tried searching for "Calvin Hair" instead. Hair submitted evidence with his motion to set aside judgment that his Indiana address was easily located through the internet if his correct name was searched. Additionally, Hair's name was correctly listed in the 2006 judgment itself, as well as in the bankruptcy list of creditors, and Deutsche Bank was fully aware of the bankruptcy case. In addition, Hair's name was listed with his attorney's name and address in the list of creditors. Instead of taking any additional steps to try to find Hair, Deutsche Bank apparently gave up easily when it could not find an address for "Hair Calvin Cross and Counterclaimant." We readily conclude that Deutsche Bank's minimal efforts to find Hair did not constitute due diligence in

7

attempting to locate him before proceeding with service by publication. Because of this, the foreclosure judgment is void as to Hair.

Deutsche Bank attempts to avoid the granting of any relief to Hair by arguing that his motion to set aside was "moot" or that it would be "inequitable" to set aside the foreclosure at this juncture, given that a third party now has possession of the Talbott Street property. Appellee's Br. p. 5. Deutsche Bank also claims that it would be a waste of judicial resources to set aside the foreclosure as to Hair, observing that the foreclosure sale only netted proceeds of less than one-third of Deutsche Bank's judgment of $161,079.21 and, therefore, there would have been no excess to be distributed to Hair as a junior lienholder. Deutsche Bank's arguments disregard the importance of personal jurisdiction to a valid judgment, as well as approximately 150 years of Indiana precedent. We emphasize that a judgment entered without personal jurisdiction is void, not merely voidable. Stidham, 698 N.E.2d at 1154. The foreclosure judgment was as to Hair a complete nullity from its inception and without any legal effect whatsoever. See id.

It is as if Hair was never a party to the foreclosure at all. Indiana law has long held that a mortgagee who, at the time of filing a complaint to foreclose, has either actual or constructive notice of a subsequent encumbrance on the property is bound to make the encumbrance holder a party to the action, or the foreclosure will not affect that party. Mid-West Federal Sav. Bank v. Kerlin, 672 N.E.2d 82, 85 (Ind. Ct. App. 1996) (citing Murdock v. Ford, 17 Ind. 52, 54 (1861)), trans. denied; see also Citizens State Bank of New Castle v. Countrywide Home Loans, Inc., 949 N.E.2d 1195, 1199 (Ind. 2011). In other words:

8

> Junior lien holders and others having a junior claim or interest in mortgaged property are proper parties to a foreclosure action; necessary parties include those with an ownership interest in the property. Both proper and necessary parties <u>must be joined</u> in a foreclosure action before that action will be binding upon them.

<u>Deutsche Bank Nat'l Trust Co. v. Mark Dill Plumbing Co.</u>, 903 N.E.2d 166, 169 (Ind. Ct. App. 2009) (quoting INDIANA LAW ENCYCLOPEDIA, <u>Mortgages</u> § 126 (West 2001) (emphasis added)).

In addition, Indiana courts have routinely held that a party's interest in property was not extinguished by a foreclosure judgment when the party was not properly joined in the foreclosure action, even when the property has been sold on to a third party who was not a party to the foreclosure. <u>See</u> <u>Citimortgage, Inc. v. Barabas</u>, 975 N.E.2d 805, 816 (Ind. 2012) (holding default foreclosure judgment of property subsequently sold to third party was void for lack of personal jurisdiction as to mortgagee that was not served with notice of foreclosure suit and that purchaser of property at foreclosure sale took the property subject to the mortgagee's lien); <u>Citizens State Bank</u>, 949 N.E.2d at 1199 (holding foreclosure judgment of property subsequently sold to third party did not extinguish judgment lien of party not joined in foreclosure proceedings); <u>National Oil & Gas, Inc. v. Gingrich</u>, 716 N.E.2d 491, 497 (Ind. Ct. App. 1999) (holding judgment creditor not served with notice of foreclosure proceedings was entitled to relief from judgment and that new sheriff's sale was warranted under the circumstances, and stating that judgment creditor's participation in new sale "will result in additional competition and promote the goal of

9

producing the greatest amount of money from the sale for distribution to the debtors and creditors").

The bottom line here is that Hair's judgment lien against the property was not extinguished by the foreclosure. When Deutsche Bank bought the property at the foreclosure sale, Hair's judgment lien was still attached to it. See Barabas, 975 N.E.2d at 818. How Hair's interest may now be addressed is beyond the scope of our purview. See id. (holding it would be "inappropriate" to address arguments as to improperly-excluded mortgagee's redemption rights after determining foreclosure judgment was void and expressing no opinion as to whether mortgagee could redeem). In fact, Deutsche Bank's arguments regarding whether it is worthwhile to set aside the foreclosure judgment as to Hair are, essentially, arguments that Hair lacks a "meritorious defense" to that judgment. But, Hair did not have to demonstrate a "meritorious defense" to the foreclosure because it is a void judgment as to him. See Ind. Trial Rule 60(B)(6).[3] To the extent there now is

---

[3] There have been recent substantial rewritings of the Indiana Code regarding mortgage foreclosure and rights of redemption, particularly where a party with a junior interest in the land is omitted from foreclosure proceedings. See Ind. Code § 32-29-8-4. This statute appears to have been passed in response to Citizens State Bank and may have been intended to overrule that case's discussion of the "merger" doctrine governing a mortgagee's purchase of land following foreclosure and the "merging" of the mortgagee's lien and the owner's legal title to the property, which "merger" extinguishes the lien and leaves the mortgagee with no seniority over a junior lienholder erroneously omitted from the foreclosure proceedings. Compare Citizens State Bank, 949 N.E.2d at 1201-02 with I.C. § 32-29-8-4(h). This statute was effective March 19, 2012, after the foreclosure judgment and sale here took place but before Hair moved to set aside. The parties are not in full agreement as to whether the statute applies to Hair and have varying interpretations of it if it does apply. In any event, we believe it is appropriate for the parties to first litigate before the trial court the most equitable way of addressing Hair's continuing judgment lien against the property, whether it be through the new statute or pre-existing case law. See Deutsche Bank Nat'l Trust Co. v. Mark Dill Plumbing Co., 908 N.E.2d 1273, 1275 (Ind. Ct. App. 2009) (discussing options for remedying failure to join junior lienholders in original foreclosure, including holding a new sheriff's sale or allowing redemption by junior lienholders, which would require payment of full amount outstanding under mortgage, not foreclosure judgment amount or amount property sold for at original foreclosure sale).

uncertainty surrounding clear title to the Talbott Street property based on the continued existence of Hair's judgment lien, such uncertainty is the result of Deutsche Bank's failure to give Hair proper notice of the foreclosure proceedings.  See Deutsche Bank, 903 N.E.2d at 169 (holding it would not be fair or just to allow Deutsche Bank to strictly foreclosure junior lienholders' interests in property "when the failure to join them as parties in the forfeiture action resulted from the negligence of Deutsche Bank or its agent").

### Conclusion

Because the foreclosure judgment obtained by Deutsche Bank was void as to Hair, we reverse the denial of Hair's motion to set aside judgment.  Hair's judgment lien against the Talbott Street property still exists and we remand for further proceedings to address that lien.

Reversed and remanded.

BRADFORD, J., and BROWN, J., concur.