## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2017, 5:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary D. Sallee
Fishers, Indiana

ATTORNEY FOR APPELLEE

Jordan Huttenlocker
Dykema Gossett PLLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Mitza N. Durham,

*Appellant-Defendant,*

v.

JP Morgan Chase Bank, N.A.,

*Appellee-Plaintiff*

July 31, 2017

Court of Appeals Case No.
36A05-1608-MF-1925

Appeal from the Jackson Superior Court

The Honorable Bruce Markel III, Judge

Trial Court Cause No.
36D01-1304-MF-54

**Crone, Judge.**

## Case Summary

[1] Mitza N. Durham appeals the trial court's denial of her motion to set aside a judgment of mortgage foreclosure in favor of JP Morgan Chase Bank, N.A. ("Chase"). Finding no error, we affirm.

## Facts and Procedural History

[2] In July 2007, Mitza's then-husband Charles signed a note for a home equity line of credit, which was secured by a mortgage on their residence ("the Property"). The mortgage was signed by both Charles and Mitza and ultimately was transferred to Chase. In March 2011, Charles stopped making payments on the note. At some point, the Durhams' marriage was dissolved, and the Property was awarded to Mitza.

[3] In April 2013, Chase filed a complaint against Mitza and Charles on the note and to foreclose the mortgage. Chase requested an in personam judgment against Charles and an in rem judgment against the Property. Charles was served by the sheriff, who left a copy of the summons and complaint at the Property, his last known address. No one appeared for Charles. Mitza was similarly served, and her counsel appeared and filed an answer to Chase's complaint.

[4] On March 17, 2016, Chase filed a motion for summary and default judgment and decree of foreclosure, asserting that Charles had defaulted on the note and therefore Chase was entitled to a decree of foreclosure pursuant to the terms of the mortgage. Neither Mitza nor Charles filed a timely response. On April 20,

2016, the trial court issued an order granting Chase's motion for summary and default judgment and decree of foreclosure, in which it awarded Chase an in personam judgment against Charles and an in rem judgment against the Property for over $313,000 and ordered the Property sold to satisfy the judgment. Two days later, Mitza filed a response to Chase's motion and an affidavit in which she averred that she did not sign the second mortgage. The trial court issued an order finding Mitza's response untimely and affirming its previous order.

On June 3, 2016, Mitza filed a motion to set aside/vacate the judgment and an affidavit in which she averred for the first time that Charles had not resided at the Property since August 2010 and had concealed his whereabouts since that time. She argued that Charles had not been properly served and therefore the judgment was void for lack of personal jurisdiction. In response, Chase argued that Mitza did not have standing to raise that issue. The trial court denied Mitza's motion. This appeal followed.

## Discussion and Decision

Mitza argues that the trial court erred in denying her motion, which we construe as a motion for relief from judgment pursuant to Indiana Trial Rule 60(B). We typically review a trial court's ruling on a Trial Rule 60(B) motion for an abuse of discretion, which occurs when the ruling is clearly against the logic and effect of the supporting facts and inferences. *Hair v. Deutsche Bank Nat'l Trust Co.*, 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014). Mitza attacked the trial court's order on Chase's motion for summary and default judgment as void

for lack of personal jurisdiction pursuant to Trial Rule 60(B)(6). A judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time. *Id*. Whether a court has personal jurisdiction over a defendant is a question of law subject to de novo review. *Id*.

[7] We need not address Mitza's jurisdictional issue, however. By signing the mortgage contract, Mitza agreed that the mortgage holder could foreclose on her in rem interest in the Property; foreclosure was contingent upon Charles's default on the note, not upon an in personam judgment against Charles. *See* Appellee's App. at 11 (mortgage contract: "Upon the occurrence of a default …, Lender may institute an action to foreclose this Mortgage under Indiana law."). On summary judgment, Chase asserted that Charles was in default, and Chase submitted an affidavit of indebtedness in support of this assertion. By granting Chase's summary judgment motion, the trial court ruled in Chase's favor on the issue of default. Mitza failed to file a timely response to Chase's motion and may not attempt to litigate the issue for the first time on appeal. *See Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) ("Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived."). Nor may she attempt to litigate the issue of whether she actually signed the mortgage. *Id*. Therefore, we affirm.

[8] Affirmed.

Baker, J., concurs.
Barnes, J., dissents with opinion.

| | |
|---|---|
| Mitza N. Durham,<br>*Appellant-Defendant,*<br><br>v.<br><br>JP Morgan Chase Bank, N.A.,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>36A05-1608-MF-1925 |

**Barnes, Judge.**

[9] I respectfully dissent. The majority concludes that Chase demonstrated Charles was in default by submitting an affidavit of indebtedness, and nothing else was required to foreclose the second mortgage at issue here. I would, however, address the issue raised by the parties—whether Durham had standing to raise the lack of personal jurisdiction over a co-defendant. I conclude that Durham had standing to raise the issue, that the trial court did not have personal jurisdiction over Charles, and that the judgment finding Charles in default on

the note is void. Consequently, I do not believe that foreclosure of the second mortgage is proper at this point.

[10] "A judgment entered where there has been insufficient service of process is void for want of personal jurisdiction." *Hair v. Deutsche Bank Nat. Trust Co.*, 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014) (citing *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 759 (Ind. 2014)). The trial court found that Durham had no standing to object to the lack of proper personal service on Charles. Whether a co-defendant has the ability to challenge the lack of personal service on another defendant appears to be an issue of first impression in Indiana.[1] In support of her argument that she is entitled to challenge the lack of personal service on Charles, Durham relies in part on *U-Haul Intern., Inc. v. Nulls Machine and Mfg. Shop*, 736 N.E.2d 271 (Ind. Ct. App. 2000), *trans. denied*.

[11] In *U-Haul*, a defendant filed a motion to correct error challenging the grant of summary judgment to several co-defendants. The plaintiff argued that the defendant lacked standing to challenge the grant of summary judgment to the co-defendants. We held that, "[i]n order to have standing to challenge the dismissal of a co-defendant from a lawsuit, the challenging party must demonstrate that it has a stake in the outcome of the ruling." *U-Haul*, 736 N.E.2d at 275 (citing *Shand Mining, Inc. v. Clay County Bd. of Comm'rs*, 671

---

[1] Chase relies on *Stidham v. Whelchel*, 698 N.E.2d 1152 (Ind. 1998), for the proposition that challenges to personal jurisdiction over a defendant can only be raised by that defendant and are waivable. However, *Stidham* did not concern a defendant challenging the service of process and personal jurisdiction over a third party. I do not find *Stidham* applicable here.

N.E.2d 477 (Ind. Ct. App. 1996), *trans. denied*). We noted that, in general, "'[o]ne defendant does not have standing to appeal a judgment rendered in favor of a co-defendant unless the defendant suffers some prejudice as a result of the entry of judgment in favor of the co-defendant.'" *Id.* (quoting *Shand Mining*, 671 N.E.2d at 479). The defendant in *U-Haul* argued that it was prejudiced by the grant of summary judgment to the co-defendants because it was exposed to a chance of greater liability for damages resulting from the accident. *Id.*

[12] We found no Indiana case that was directly on point regarding whether a co-defendant has standing to challenge a summary judgment ruling that operates to dismiss another co-defendant from the case. *Id.* After analyzing several cases from other states and comparable Indiana cases, we concluded that a defendant may demonstrate standing if "it has a stake in the outcome and will potentially suffer prejudice as a result of a co-defendant's dismissal." *Id.* at 280. However, the "remaining co-defendant must do something at the trial court level to preserve the error." *Id.* "The failure to do so waives the claim for purposes of appeal." *Id.* In *U-Haul*, the defendant opposed the co-defendants' motions for summary judgment by filing a brief in opposition to the motions and by filing a motion to correct error. Consequently, we concluded that the defendant had standing to appeal the grant of summary judgment to the co-defendants.

[13] In the context of whether a defendant can challenge the lack of service on a co-defendant, courts have generally held that "questions of defective service of

process may be raised only by the one on whom attempted service was made." *Hull v. D. Irvin Transp. Ltd.*, 690 P.2d 414, 417 (Mont. 1984). However, some courts have allowed such challenges where the complaining party would be harmed by the lack of service. *See Superior Outdoor Advert. Co. v. State Highway Comm'n of Missouri*, 641 S.W.2d 480, 483 (Mo. Ct. App. 1982) ("[T]he general rule is that the issue of defective service of process may be raised only by the one on whom the attempted service was made and one defendant, in the absence of prejudice to his own interests, is not entitled to urge defects in service on a co-defendant."); *see also* 62B Am. Jur. 2d *Process* § 285 ("Questions of effective service of process may be raised only by the person upon whom service was attempted. However, there are exceptions where strict adherence to this rule would create a deprivation of rights.") (footnotes omitted); 72 C.J.S. *Process* § 123 ("Generally, questions regarding defective service of process are personal to the person upon whom such defective service is made. Thus, the issue of defective service of process may ordinarily be raised only by the one on whom attempted service has been made, and it may not be raised by others. . . . One defendant, in the absence of prejudice to his or her own interest, is not entitled to urge defects in the service on his or her codefendants.") (footnotes omitted).

[14] In *O'Connell v. Will*, 263 P.3d 41 (Alaska 2011), the Alaska Supreme Court noted that generally a party cannot object to another party's defective service on a third party. The court went on to discuss standing principles that a party must demonstrate a sufficient personal stake in the outcome of a controversy. The

court then held that a creditor did not have standing to challenge an ex-husband's failure to serve his ex-wife with a motion. The court rejected the creditor's argument that the ex-wife might have an "indemnity claim" against the ex-husband that "could have potentially been negatively" affected by the ex-husband's motion. *O'Connell*, 263 P.3d at 44. The court noted that the potential injury was to the ex-wife, not the creditor.

[15] Chase relies on *Lawson v. Qingdao Taifa Grp. Co.*, No. 1:10-CV-753-JMS-DKL, 2013 WL 5303741 (S.D. Ind. Sept. 19, 2013), which held that a garnishee defendant did not have standing in garnishment proceedings to challenge the district court's personal jurisdiction over the judgment defendant in the underlying action. There was no discussion in *Lawson* of whether the garnishee defendant's own interests were somehow prejudiced by the alleged lack of personal jurisdiction in the underlying action.

[16] I find the approach used in *U-Haul* and *O'Connell* to be appropriate here. I conclude that, in general, a defendant cannot challenge the lack of proper service on a co-defendant unless the complaining defendant's rights would be prejudiced. As current owner of the mortgaged property, Durham's rights would be prejudiced by a judgment against Charles on the line of credit and

foreclosure of the second mortgage.[2]  I, therefore, conclude that Durham had standing to raise the issue of lack of service on Charles.

[17] In support of her motion to set aside the judgment, Durham submitted an affidavit that provided Charles has not resided at the property since August 2010, he did not reside there in April 2013 when the complaint was served by the sheriff and copy service, and he has concealed his whereabouts since August 2010.  Given these allegations, it is apparent that Charles was not properly served and that the trial court did not have personal jurisdiction over Charles.[3]  Consequently, the default judgment against Charles is void.  The majority determines that, regardless, the foreclosure can proceed.  However, the foreclosure of the second mortgage is based on Charles's default on the note, which he has not had the opportunity to dispute because he was never properly served.  The foreclosure of the second mortgage on Durham's property would be improper under such circumstances.  I would reverse the denial of Durham's motion to set aside and remand for proper service of the action on Charles.

---

[2] I acknowledge that *U-Haul* required the complaining party to raise the issue before the trial court.  Here, Durham did not raise the issue during the summary judgment proceedings.  Rather, she failed to file a timely response to the motion for default judgment and summary judgment, failed to file a timely appeal, and did not raise the issue until her motion to set aside the judgment.  However, lack of personal jurisdiction results in a void judgment and may be raised at any time under Rule 60(B).  *Hair*, 18 N.E.3d at 1022.  Thus, *U-Haul* is distinguishable from this case on that point.

[3] On appeal, Chase makes no argument that Charles was properly served.  It also makes no argument that foreclosure could proceed in the absence of a judgment on the underlying note.