## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 06 2020, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | APPELLEE PRO SE |
| --- | --- |
| Andrew L. Clary, Jr. | Michael Ghosh |
| Davao City, Philippines | The Ghosh Law Office, LLC |
|  | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Andrew L. Clary, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> Michael Ghosh, <br> *Appellee-Plaintiff.* | August 6, 2020 <br><br> Court of Appeals Case No. 20A-PL-67 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Jonathan M. Brown, Judge <br><br> Trial Court Cause No. 29D02-1707-PL-6437 |

**Mathias, Judge.**

[1] This is the third appeal arising out of a suit filed by Michael Ghosh ("Michael") against his ex-wife Meleeka Clary-Gosh ("Meleeka"), MCM Fashions, LLC ("MCM"), Luke L. Tooley, Jr. ("Tooley"), Andrew L. Clary, Jr. ("Clary"), and TCD Productions, LLC ("TCD"). Michael moved for a default judgment

against Clary, which the trial court granted because Clary did not file an appearance or responsive pleading. Clary subsequently filed a motion to vacate the default judgment, arguing that he had not been served with a summons. The trial court rejected this claim and denied the motion to vacate. Clary appeals and presents three issues, which we consolidate and restate as: (1) whether the trial court erred by denying Clary's motion to vacate the default judgment because Clary was allegedly never served with a summons, and (2) whether the trial court properly granted default judgment. Concluding that there is evidence in the record to support the trial court's finding that Clary was served with a summons and that Clary has waived his other arguments, we affirm.

## Facts and Procedural History

### A. Meleeka and Michael's Marriage and Divorce

[2] Meleeka and Michael were married in December 2007. In January 2008, Meleeka and her two children from her prior relationship with Tooley moved from Boston, Massachusetts, to Indiana to live with Michael. The couple had one child together in June 2008. In August 2009, Michael filed a petition to dissolve the marriage. In the dissolution decree, the trial court awarded Michael sole legal and physical custody of the parties' son and awarded Meleeka parenting time. The trial court initially did not order Meleeka to pay child support.

[3] As we stated in *Clary-Ghosh v. Ghosh*, 26 N.E.3d 986, 989 (Ind. Ct. App. 2015), *trans. denied*:

> Meleeka and Michael's relationship was acrimonious and
> resulted in the filing of numerous motions and petitions following
> the dissolution, including several contempt petitions by both
> parties, a request for the appointment of a parenting time
> coordinator and a motion to modify custody by Meleeka, and
> motions to modify parenting time and child support by Michael.

The trial court ultimately found both parties in contempt and ordered Michael to pay a $100 fine and $500 to Meleeka for attorney fees. The trial court also found Meleeka in contempt for failing to pay over $7,000 in school fees and also ordered her to pay $8,000 to Michael for attorney fees. *Id.* The trial court granted Michael's motion for child support and to modify parenting time, imputing an annual income of $40,000 to Meleeka and ordering her to pay child support. Meleeka appealed the trial court's order, but our court affirmed. *Id.* at 996.

[4] Meleeka subsequently filed a motion to modify custody, award joint custody, and reduce her child support obligation. Michael filed a motion to modify parenting time and to hold Meleeka in contempt for failing to pay child support. The trial court denied Meleeka's motions and granted Michael's. Meleeka appealed, and we affirmed the trial court in an unpublished decision. *Clary-Ghosh v. Ghosh*, No. 18A-DR-821, 2018 WL 6332540 (Ind. Ct. App. Dec. 5, 2018).

*B. The Instant Case*

[5] On July 11, 2017, Michael filed a complaint against Meleeka and MCM. Michael's complaint sought to collect on the judgments awarded to him in the

dissolution proceedings and alleged that Meleeka had fraudulently conveyed all of her property to MCM. The complaint sought to set aside the allegedly fraudulent transfers and to pierce MCM's corporate veil. On May 31, 2018, Meleeka and MCM filed a motion for summary judgment. Included in the evidence designated in support of the motion was a copy of MCM's operating agreement, which showed that the company was composed of Tooley and Meleeka's brother Clary. It also listed Meleeka as MCM's registered agent. The address of MCM's principal office was the same as the address listed for Meleeka. The operating agreement listed Clary's address as:

> Andrew L. Clary, Jr.
> 1430 Bluehill Avenue
> Mattapan, Massachusetts 02126

Appellee's App. p. 38.

[6] On August 27, 2018, Michael filed a motion for leave to amend his complaint to add as defendants Tooley and Clary, in their individual capacities, and TCD. TCD is another limited liability company created by Meleeka that identified Tooley as its sole manager. The amended complaint noted that Michael had been awarded judgments against Meleeka in excess of $84,000 and also listed automobiles that Meleeka had transferred to MCM. The amended complaint sought to hold Clary personally liable for the judgments entered against Meleeka and requested that the trial court order the defendants to pay punitive damages. The trial court granted the motion for leave to amend on January 3, 2019.

Michael then hired a private process server to serve Clary with the amended complaint and a summons at the Bluehill Avenue address listed in the MCM operating agreement. On February 7, 2019, Michael filed a Verified Notice of Service of Process on Clary with the process server's affidavit of service attached. The Verified Notice provides in relevant part:

> 5. On February 6, 2019 at approximately 3:19 p.m. EST, John Roberto, a process server and disinterested person with Dewsnap & Associates, LLC ("Roberto"), **delivered copies of a Summons directed to Andrew L. Clary Jr.** and the Amended Complaint in an envelope by taping them at Andrew L. Clary Jr.'s "apartment door inside of secured front door" at 1430 Bluehill Avenue, Mattapan, Massachusetts 02126. . . .
>
> 6. On February 6, 2019, Roberto served copies of a **Summons directed to Andrew L. Clary Jr.** and the Amended Complaint by first class United State mail, postage pre-paid addressed to Andrew L. Clary Jr., 1430 Bluehill Avenue, Mattapan, Massachusetts 02126.

Appellant's App. Vol. 3, p. 18 (emphases added). The process server's affidavit, which was attached as an exhibit to the Verified Notice of Service of Process, avers that, after three unsuccessful attempts, the server left the summons, amended complaint, and a copy of the order granting leave to amend the complaint at the apartment door inside a secured front door of the 1430 Bluehill Avenue address. The trial court's chronological case summary ("CCS") contains an entry on February 7, 2019, titled "Certificate of Issuance of Summons," which refers to the Verified Notice of Service of Process. Appellant's App. Vol. 2, p. 14.

On March 15, 2019, Michael filed a motion for default judgment against Clary. In support of the motion, Michael's trial counsel filed an affidavit attesting that Clary had been served with a copy of the summons and complaint on February 6, 2019 and had failed to appear or respond to the complaint by the March 1, 2019 deadline.

MCM filed an answer to the amended complaint on March 15, 2019 and filed a response to Michael's motion for default judgment on March 20, 2019. On May 1, 2019, the trial court granted Michael's motion for default judgment against Clary, entering judgment against him in the amount of $84,567.13, plus interest; $75,000.00 in punitive damages, plus interest; and attorney fees and costs in an amount to be determined at a damages hearing.

Approximately two months later, on June 30, 2019, Clary filed a motion to vacate the default judgment under Indiana Trial Rule 60(B)(6).[1] In his motion,

---

[1] On May 28, 2019, Tooley filed a motion to vacate the default judgment entered against him. Like Clary, Tooley claimed that the trial court lacked personal jurisdiction because he was never served with a summons. The trial court denied Tooley's motion, finding that Tooley was properly served and that it had personal jurisdiction. Tooley appealed, and we affirmed the trial court's finding that Tooley was properly served. *See Clary-Ghosh v. Ghosh*, No. 19A-PL-1541, 2020 WL 2503929, at *1–2 (Ind. Ct. App. May 15, 2020). We note that Clary's pro se Appellant's Brief is substantially the same as that filed by Tooley in his appeal.

After the trial court entered default judgment against Tooley, Michael filed a motion requesting the appointment of a receiver. Meleeka then filed a notice of bankruptcy and an automatic stay, listing Clary, TCD, Tooley, and Tooley's trust as co-debtors. The trial court postponed a hearing on the receivership issue until the bankruptcy stay was lifted. On December 3, 2019, after the bankruptcy stay was lifted, the trial court held a hearing on Michael's request for the appointment of a receiver. On December 13, 2019, Tooley filed a notice of bankruptcy and a motion to stay. The trial court then issued an order six days later appointing a receiver, and Tooley appealed. In an unpublished memorandum decision, we held that Tooley was entitled to notice of the hearing at which the trial court considered Michael's motion for the appointment of a receiver and remanded for a new hearing of which Tooley should be given adequate notice. *Tooley v. Ghosh*, No. 19A-PL-3016, 2020 WL 3495297 (Ind. Ct. App. June 29, 2020).

Clary argued that the default judgment was void because the trial court lacked personal jurisdiction over him. Specifically, Clary alleged that he had not been served with the summons. Michael filed a response to Clary's motion, citing the proof of service that he had filed with the trial court. On December 20, 2019, the trial court entered an order denying Clary's motion to vacate, determining that Clary had properly been served yet failed to appear. Clary now appeals.

## Standard of Review

[11]     Clary argues that the judgment against him is void because he was not properly served with a summons. A judgment entered where there has been insufficient service of process is void for lack of personal jurisdiction. *Hair v. Deutsche Bank Nat'l Trust Co.*, 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014) (citing *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 759 (Ind. 2014)). Indiana Trial Rule 60(B)(6) provides that "[o]n motion and upon such terms as are just the [trial] court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: . . . (6) the judgment is void."

[12]     A motion made under Trial Rule 60(B) to set aside a judgment is addressed to the equitable discretion of the trial court. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740–41 (Ind. 2010). "Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the ruling." *Hair*, 18 N.E.3d at 1022 (citing *Yoder v. Colonial Nat'l Mortg.*, 920 N.E.2d 798, 800–01 (Ind. Ct. App.

2010)). However, the ultimate question of whether personal jurisdiction exists is a question of law that we review de novo. *Id.*

### I. Sufficient Proof of Service of Summons

[13] Clary argues that he was not served with a summons, that the trial court lacked personal jurisdiction over him because of the lack of service, and that the default judgment was therefore void.

[14] Michael served Clary pursuant to Indiana Trial Rule 4.1(A)(3), which provides that "[s]ervice may be made upon an individual, or an individual acting in a representative capacity, by . . . leaving a copy of the summons and complaint at his dwelling house or usual place of abode." Trial Rule 4.1(B) further provides that whenever service is made under [Trial Rule 4.1(A)](3) "the person making the service also shall send by first class mail, a copy of the summons and the complaint to the last known address of the person being served, and this fact shall be shown upon the return."

[15] The process server hired by Michael left a copy of the summons at the address listed for Clary in MCM's operating agreement. On appeal, Clary claims that this is the wrong address and that he actually lived in the Philippines at the time the amended complaint was filed. However, in his Trial Rule 60(B) motion to vacate, Clary never alleged that he lived in the Philippines or that the summons had been delivered to the wrong address. *See* Appellant's App. Vol. 3, pp. 25–26. An appellant may not present an argument that was not presented to the trial court. *Ind. Bureau of Motor Vehicles v. Gurtner*, 27 N.E.3d 306, 312 (Ind. Ct.

App. 2015) (citing *Citimortgage v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012)). In addition, Clary cites nothing in the record to support his claim that he lives in the Philippines. We therefore will not consider this argument on appeal.

[16] Clary also argues that the record does not support a finding that a summons was issued for him. We disagree. "[I]t is well settled that the trial court speaks through its CCS or docket[.]" *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010), *trans. denied*. Although there is no document in the record titled "summons" with respect to Clary, the CCS contains an entry dated February 7, 2019, that notes the electronic filing of a certificate of issuance of summons for Clary.

[17] At the time Clary was served, Indiana Trial Rule 86(G), which sets forth the procedure for electronically filed service, provided in pertinent part:

> (2) Issuance of Summons and Service of Initial Complaint or Equivalent Pleading.
>
> > (a) Except as provided below in (Q), at the time the initial complaint or equivalent pleading is filed, the filer shall also file completed summons(es) designating the manner of service. The Clerk shall date, sign and seal the summons(es) and transmit the summons(es) to the filer for service.
> >
> > (b) The filer shall serve the initial complaint or equivalent pleading and the summons upon all parties in the manner provided in Trial Rules 4.1 through 4.14.
> >
> > (c) In the event of service by registered or certified mail, or other public means by which a written acknowledgement of receipt may be requested and obtained, or first class mail (as provided in Trial Rule 4.1(B)) the filer shall promptly

transmit to the Clerk a dated and signed Certificate of Issuance of Summons specifying the method of service with respect to each party, the date of mailing, address of each party, and tracking or identifying number for each summons.

(d) All returns regarding service shall be directed and made to the Clerk.

\* \* \*

(iii) **If service was made by the filer leaving a copy of the summons and complaint or equivalent pleading at the dwelling house or usual place of abode of the party under Trial Rule 4.1(A)(3), the filer shall complete service as required by Trial Rule 4.1(B) and promptly transmit a dated and signed Affidavit of Service to the Clerk**.

T.R. 86(G) (emphasis added).

[18] Here, the CCS entry for February 7, 2019 noted that Michael filed a Verified Notice of Service of Process and an accompanying notarized process server's affidavit which averred that the summons was one of the documents served on Clary. Indeed, the Verified Notice of Service of Process attests that the process server delivered copies of a summons "directed to Andrew L. Clary Jr." Appellant's App. Vol. 3, p. 18.

[19] Clary's argument that Michael was "either mistaken about the summons or is claiming that he provided [Clary] with either Meleeka's summons or MCM Fashions['s] summons" is unsupported by any citation to the record. Appellant's Br. at 17. Although the CCS does not indicate that Michael filed a copy of the summons that was served on Clary, his counsel did file an affidavit

averring that the summons served was directed to Clary. In the absence of any evidence to the contrary, we cannot say that the trial court erred by concluding that this entry, along with the process server's affidavit, were sufficient to support a finding that Clary was properly served with a summons.

[20] Still, Clary argues that the failure to file a copy of the served summons was a violation of Indiana Trial Rule 4.15(C). This rule provides:

> (C) Proof of Filing and Issuance Dates. The clerk shall enter a filing date upon every praecipe, pleading, return, summons, affidavit or other paper filed with or entered of record by him. **The clerk shall also enter an issuance date upon any summons issued, mailed or delivered by him, or other communication served or transmitted by him under these rules**. Such filing or issuance date shall constitute evidence of the date of filing or issuance without further authentication when entered in the court records, or when the paper or a copy thereof is otherwise properly offered or admitted into evidence.

T.R. 4.15(C) (emphasis added). Clary argues that, because there is no notation in the CCS indicating that the trial court clerk issued a separate summons for Clary, Michael necessarily must have served him with a summons from the initial complaint, which did not name Clary. This is sheer conjecture. As noted, the trial court's CCS shows an entry for an electronically filed certificate of issuance of summons for Clary dated February 7, 2019. The Verified Notice of Service of Process averred that a summons directed to Clary was served upon him.

[21] Under these facts and circumstances, we discern no error in the trial court's CCS entry regarding the certificate of issuance of summons for Clary. The CCS indicates, and the Verified Notice of Service of Process and the process server's affidavit confirm, that a summons directed to Clary was served at Clary's address, as it was listed in MCM's operating agreement. Because the record indicates that Clary was served with a summons but failed to appear, the default judgment entered against Clary is valid, and the trial court correctly denied Clary's motion to vacate.

## II. Clary's Other Arguments Are Waived

[22] Clary also claims that the facts alleged in the amended complaint do not support an entry of default judgment and that there was insufficient evidence to pierce MCM's corporate veil. However, Clary did not present these arguments to the trial court in his motion to vacate the default judgment. They are accordingly waived. *See Gurtner*, 27 N.E.3d at 312 (citing *Citimortgage*, 975 N.E.2d at 813).

# Conclusion

[23] The trial court did not err by denying Clary's motion to vacate the default judgment entered against him, and the remainder of his arguments have been waived. We therefore affirm the judgment of the trial court.

[24] Affirmed.

Bradford, C.J., and Najam, J., concur.