

FILED

Oct 26 2023, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas M. Johnston
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Raegan M. Gibson
Mackenzie E. Skalski
Monica S. McCoskey
Kaylin O. Cook
Paganelli Law Group
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Sickle,<br>*Appellant-Defendant,*<br><br>v.<br><br>JTJ Indiana, LLC,<br>*Appellee-Plaintiff.* | October 26, 2023<br><br>Court of Appeals Case No.<br>23A-PL-644<br><br>Appeal from the Marion Circuit<br>Court<br><br>The Honorable Amber Collins-<br>Gebrehiwet, Judge<br><br>Trial Court Cause No.<br>49C01-2111-PL-37001 |

**Opinion by Judge Mathias**
Judges Riley and Crone concur.

**Mathias, Judge.**

[1] Robert Sickle appeals the Marion Circuit Court's denial of his motion to set aside a default judgment against him on JTJ Indiana, LLC's ("JTJ's") complaint to quiet title to a residential property in Indianapolis. Sickle presents

a single dispositive issue for our review, namely, whether the default judgment is void for lack of personal jurisdiction.

[2] We affirm.

## Facts and Procedural History

[3] On July 1, 2021, JTJ bought a residence at 5102 Hillside Avenue in Indianapolis ("the property") from Janice Wright. Wright executed a quitclaim deed, which was recorded in Marion County on August 16. On November 4, JTJ filed a complaint to quiet title to the property "against 'The World.'" Appellee's App. Vol. 2, p. 2. JTJ named as defendants Wright's predecessors in title to the property as well as "unknown occupant," "John Doe/Jane Doe," and "The World[.]" *Id.* at 5. JTJ served the unnamed defendants notice of its complaint by publication pursuant to Indiana Code section 32-30-3-14(f) and Trial Rule 4.13.

[4] Sickle has lived at the property continuously since March 1, 2004, when he first leased the property from Wright. In 2007, Wright "renewed" Sickle's lease for "25 years[.]" Tr. Vol. 2, p. 12. And, following a judgment for Sickle against Wright in November 2008, Wright agreed that Sickle could live at the property for as long as he wanted to. However, both Wright and Sickle acknowledged a "pending foreclosure" on the property and that Sickle might be evicted. Appellant's App. Vol. 2, p. 68. Sickle never recorded his leasehold interest in the property.

[5]     On April 18, 2022, JTJ moved for default judgment on its complaint. The trial court granted that motion on May 4. On September 16, JTJ served Sickle with an eviction notice. As a result, Sickle hired an attorney. The attorney told Sickle about the quiet title action, and, on November 12, Sickle filed a motion to set aside the default judgment. In his motion, Sickle argued that the default judgment should be set aside pursuant to both Trial Rule 60(B)(1) and (8). In support, Sickle alleged excusable neglect in that he "had no actual knowledge" of the quiet title action until after the default judgment was entered. Appellant's App. Vol. 2, p. 22. And in support of relief under Trial Rule 60(B)(8), Sickle alleged that equity required that the default judgment be set aside because he had not been personally served and because JTJ had "made no inquiry of Sickle's interest" in the property. *Id.* at 25. Sickle also alleged meritorious defenses.

[6]     The trial court denied Sickle's motion following a hearing. And the trial court denied Sickle's subsequent motion to correct error. This appeal ensued.

## Discussion and Decision

[7]     Sickle contends that the trial court erred when it denied his motion to set aside the default judgment. In particular, Sickle argues that the default judgment is void for lack of personal jurisdiction due to insufficient service of process. While he purported to base his motion to set aside default judgment on Trial Rule 60(B)(1) and (8), we treat his motion as though he argued Trial Rule 60(B)(6), which applies where a default judgment is alleged to be void.

[8]     Our standard of review is well settled. Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the ruling. *Hair v. Deutsche Bank Nat. Tr. Co.*, 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014). However, whether personal jurisdiction exists over a defendant is a question of law that we review de novo. *Id.* A judgment entered where there has been insufficient service of process is void for want of personal jurisdiction. *Id.* "By the plain terms of the rule, motions to set aside under subsection (6) of Rule 60(B) do not require proof of a meritorious defense to the judgment being challenged."[1] *Id.*

[9]     Sickle argues that JTJ knew or "should have known of Sickle's occupancy" of the property when it filed its complaint. Appellant's Br. at 22. He maintains that his occupancy was "open and conspicuous" and that JTJ had actual knowledge of his lease agreement with Wright prior to the entry of default judgment. *Id.* Thus, Sickle contends that JTJ's notice by publication, which did not name him, was insufficient as a matter of law.

[10]    However, as JTJ argued to the trial court, Indiana Code section 32-30-3-14(b) governs who may be named as a defendant in a quiet title action. That statute provides that a plaintiff who brings a quiet title action

        may . . . name as a defendant any of the following individuals:

---

[1] Accordingly, we need not address Sickle's contentions on appeal regarding his alleged meritorious defenses.

(1) A person:

    (A) who may have an interest in real estate that is the subject of the proceeding; *and*

    (B) *whose name appears of record in a record concerning the real estate*.

(2) A person who bears one of the following relationships to a former owner or encumbrancer of the real estate:

    (A) Spouse.

    (B) Widow or widower.

    (C) Heir or devisee.

The person who institutes the proceeding does not have to know the name of a person described in subdivision (2).

Ind. Code § 32-30-3-14(b) (emphases added).

[11] The undisputed evidence establishes that Sickle's lease for the property was not recorded. Thus, whether JTJ knew that Sickle lived at the property is of no moment. Under the statute, JTJ was not *required* to name Sickle as a defendant in the quiet title action, and Sickle cannot be heard to complain that he was not served with the complaint. *See id.*

[12] Moreover, Sickle's motion to set aside the default judgment presumes that he has an interest in this quiet title action, but he is incorrect. As the trial court

found, JTJ owns the property, and Sickle claims only a leasehold interest. Our Supreme Court has held that a tenant has no right *to bring* a quiet title action against an owner of real property. *Santa Claus, Inc. v. Santa Claus of Santa Claus, 217 Ind. 251, 255-56, 27 N.E.2d 354, 356 (1940)*. And Sickle has not demonstrated that his unrecorded leasehold interest is enough to challenge JTJ's quiet title complaint. Accordingly, we affirm the trial court's denial of Sickle's motion to set aside the default judgment.

[13] Affirmed.

Riley, J., and Crone, J., concur.